## BERT HENDERSON v. STATE.

No. A-3610—Opinion Filed May 7, 1921.

(197 Pac. 720.)

(Syllabus.)

1. **JURY—Jury Trial—Preservation of Right.** It is the duty of courts to enforce a, rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials.

2. **TRIAL—Erroneous Conduct—Judge Going to Jury Room to Repeat Instructions.** Under section 5913, Revised Laws 1910, providing that: "After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the county attorney and the defendant or his counsel, or after they have been called"—it is reversible error for the trial judge, upon being called by the jury, to go to the jury room, and in the absence of counsel and the defendant to converse with the jury and again read any of the instructions to them. Such information must be given in conformity with section 5913, or not at all.

3. **INDICTMENT AND INFORMATION—Conviction of Offense not Included—Rape.** The information charged defendant with the crime of rape as defined by the second subdivision of section 2414, Revised Laws 1910, upon "a female over the age of 16 years and under the age of 18, and of previous chaste and virtuous character." The county attorney elected to stand upon an alleged act of sexual intercourse committed upon said female when she was under the age of 16 years, which would be rape as defined by the first subdivision of section 2414. The trial court instructed the jury in effect that the charge was sufficient to permit proof of the crime defined by said first subdivision. Held, the admission of such evidence as a basis for a conviction, and the giving of instructions to that effect, constituted reversible error; said subdivision 1 defining no lesser degree of the crime of rape than said subdivision 2, nor is the crime as defined by said subdivision 1 necessarily included within the crime defined by said subdivision 2.

*Appeal from District Court, Major County;*

*James B. Cullison, Judge.*

Bert Henderson was convicted of rape, and he appeals. Reversed and remanded.

*McKeever & Moore,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *E. L. Fulton,* Asst. Atty. Gen., for the State.

MATSON, J.   This is an appeal from the district court of Major county, wherein plaintiff in error, Bert Henderson, hereinafter designated defendant, was convicted of the crime of rape, alleged to have been committed in said county, according to the allegations of the information, on or about the 7th day of April, 1918, on one Goldie M. Kelley, an unmarried female person under the age of 18 years and of the age of 16 years past, the said Goldie M. Kelley being then and there a female person of previous chaste and virtuous character, and not the wife of the said Bert Henderson, and sentenced to serve a term of five years' imprisonment in the state penitentiary.   From the judgment rendered against him, an appeal was perfected to this court, and numerous errors are relied upon in the petition in error as grounds for reversal of the judgment.

The Attorney General has filed a confession of error, which is as follows:

"Plaintiff in error was convicted of the crime of rape. One of the errors assigned is that the trial judge and stenographer were present in the jury room when the jury were deliberating upon their verdict.   On this point we quote from the record as follows:

" 'By the Court: I will admit that the court and the court reporter was in the jury room when the jurors in this case were deliberating upon their verdict, if you wish.

" 'By Mr. McKeever: That will do just as well. That will be satisfactory. Let it be shown in the record. Let it be admitted in the record if Mr. Bishop, the county attorney, will agree to that admission. You state it in the record.

" 'By the Court: · The court here admits that he was called by the jurors trying this case to the jury room on three different occasions. They asked the first time if he remembered certain testimony that was given, and the court informed the jury he had no right to tell them anything of that kind, and refused to do so.

" 'Then the court was called the second time, and was informed that the jurors were disagreeing as to the testimony of a certain witness, and that if the court would assist them in telling them what was said that they could get through.

" 'I again informed them I had no right to tell them what the testimony was. Even if I remembered it, and even if I would give it to them, it would be incompetent, irrelevant. and immaterial, and they had no right to take anything from the court, and the court had no right to testify or give his opinion. He was called the third time.

" 'The jurors wanted the court to read an instruction that was given, which, of course, the court holds he had a right to do, and the law required that he do. I read the instruction very carefully, and called attention to the fact that the attorney made the statement to the jury: "I have read the instructions so much that I almost know them by heart." It was the old instruction wherein the court instructs the jury that they are the sole judges of the credibility of the witnesses, of the facts, and of the weight of the evidence. I read it very carefully without comment of

any importance, and told them it was an old instruction that had been handed down for generations, and before the court was born, and I considered it good and plain, and that I could add nothing more to it. He also requested that he be permitted to withdraw from the jury. I told him I could not permit him to do that. He made the remark to another: "I don't agree with these gentlemen in everything." I said: "Don't tell me what you agree to, sir. That is your business." Every juror will swear to that. That was the sum and substance of it. I don't think that the court reporter said a word. (Thereupon the court addressed the court reporter.)

" 'Did you read any evidence to the jury while in the jury room, Mr. Reporter?

" 'Yes; I read some evidence to the jurors while they were in the jury room.

" 'Well, he can make a statement as to that.

" 'By Mr. McKeever: It is further admitted by the state that the court reporter, A. B. Hugos, was also taken to the jury room during the deliberations of the jury in this case, and certain portions of the evidence was called for and read to the jury by the court reporter, and that during the times that the judge of the court was in the jury room, upon the three occasions mentioned, neither the defendant, Bert Henderson, nor his counsel, were present in the jury room, and that such proceedings were had in the absence of the said defendant, and outside of the court room, but in the jury room.

" 'It is further admitted that the facts stated to the judge of the court, in this record, are facts as they occurred.'

"Section 5913, Revised Laws of Oklahoma 1910, provides how the court may communicate with the jury, and the same is as follows: 'After the jury have retired for deliberation, if there be a disagreement between them as

to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county atrney and the defendant or his counsel, or after they have been called.'

"This court, in the case of *Watson v. State*, 7 Okla. Cr. 508, 124 Pac. 329, and also in *Ridley v. State*, 5 Okla. Cr. 522, 115 Pac. 628, has held that it is reversible error for the trial judge to converse with the jury in the jury room while they are considering their verdict.

"We believe that the facts in this case are as strong, or stronger, than the facts in the cases above cited. In addition we are inclined to think that it should be the policy of the law that one convicted of crime should not be required to prove that the presence of the trial judge in the jury room did not prejudice his rights. It being a violation of the law for the judge to be present with the jury while they are considering their verdict, in the interest of justice, it is only proper to hold that such act constitutes prejudicial error, and we are inclined to think that for the error pointed out the judgment of the trial court should be reversed."

The record supports the allegations of the Attorney General's confession. This court is of the opinion that the confession of error is well founded in law, and that the same should be sustained, and that the judgment of conviction should be reversed for the reasons given by the Attorney General.

However, another question is involved in this appeal which is not discussed in the Attorney General's confession of error, but is ably presented in the brief filed in behalf of defendant, and was also urged in the oral argument of the

cause.   It is this: The information charged defendant with the crime of rape, committed upon a female under the age of 18 and over the age of 16 and of previous chaste and virtuous character, alleged to have been committed on or about the 7th day of April, 1918.   At the trial, the county attorney elected to stand upon an act of sexual intercourse alleged to have been committed in the month of July, 1916, when the prosecuting witness was under the age of 16 years, and the evidence so disclosed.

Counsel for defendant objected to the county attorney electing to rely upon an act of intercourse prior to the date the prosecutrix became 16 years of age, which objection was overruled by the trial court, and an exception taken to the ruling.   In addition the trial court instructed that the jury was authorized, under the allegations of the information, to find defendant guilty upon proof beyond a reasonable doubt of his guilt of an act of sexual intercourse with the prosecutrix committed prior to her arrival at the age of 16 years, and after she was 14 years of age.

The particular statutes involved are as follows:

Section 2414, Revised Laws 1910, in part defines rape as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances:

"First:   Where the female is under the age of sixteen years.

"Second:   Where the female is over the age of sixteen years and under the age of eighteen, and of previous chaste and virtuous character."

Sections 5922 and 5923, Revised Laws 1910, in substance, provide that defendant may be convicted of the offense charged, or of any lesser degree thereof, or of any offense necessarily included within the charge.

It follows, therefore, that if an information alleged the crime of rape as defined in the second subdivision, *supra,* and the same is a higher degree of that crime than that defined by the first subdivision, or if the crime defined by the second subdivision necessarily includes that defined by the first, there was no error committed by the trial court in admitting the evidence complained of, nor in giving the instructions objected to.

The second subdivision of section 2414, *supra,* defines rape in the second degree; the first subdivision does not define any lesser degree of rape. See section 2417, Revised Laws 1910.

It is evident, therefore, that a conviction upon proof of guilt of the crime as defined by the first subdivision, under an information alleging the crime as defined by the second subdivision, cannot be sustained on the ground that the first subdivision is a lesser degree of the crime of rape than the second.

Neither do we think that the crime of rape as defined by the second subdivision necessarily includes within its scope the crime as defined by the first subdivision. One necessary allegation of the crime as defined by the second subdivision is that the female must be over the age of 16 years and under the age of 18. *Marshall v. Terry,* 2 Okla. Cr. 136, 101 Pac. 139. One necessary allegation of the crime as defined by the first subdivision is that the female must be under the age of 16 years. It is apparent that

these allegations are wholly inconsistent one with the other, and an allegation that a female is over 16 years of age does not include within its scope, or permit proof, that the female was under 16 years of age. In either instance, the age of the female is a material ingredient of the offense, and must be alleged and proved, and to that extent time is a material element of the offense, in that the proof must disclose that the offense was committed at a time the prosecutrix was within the ages designated in the respective subdivisions.

Under section 5739, Revised Laws 1910, the information must be direct and certain: (1) As to the party charged; (2) as to the offense charged; and (3) as to the particular circumstances of the offense charged, when they are necessary to constitute a complete offense.

The information was direct and certain, and charged the offense under the second subdivision of section 2414, *supra.* The conviction is based upon an election and evidence of a particular act and instructions given under subdivision 1 of section 2414, *supra.* We think the admission of this evidence under such circumstances and the giving of the instructions complained of was clearly erroneous, and constituted a fatal variance between the allegations of the information and the proof adduced, the defendant having been misled to believe, under the allegations of the information, that he was charged with the crime of rape upon a female over the age of 16 years and under 18 years, and of previous chaste and virtuous character, while he was tried and convicted for an act alleged to have been committed upon said female at a time when she was under said age of 16 years, where the question of the prosecutrix's previous chaste and virtuous character was not involved.

The information, therefore, did not comply with the requirements of the statute as to being direct and certain as to the particular crime charged and the circumstances thereof, if it was intended to charge the offense under the first subdivision of section 2414, *supra*. On the other hand, the information having directly and certainly charged the offense as defined by the second subdivision of section 2414, it was clearly prejudicial to the defendant to permit the state to rely upon and introduce proof of guilt of the offense as defined by the first subdivision thereof.

For reasons stated, the judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and BESSEY, J., concur.