## JEFF MONTGOMERY v. STATE.

No. A-3673.    Opinion Filed July 2, 1921.
(199 Pac. 222.)

(Syllabus.)

1.    **Appeal and Error—Harmless Error—Instructions.**    Where the evidence is such as to clearly convince the appellate court of the guilt of defendant of the crime charged, a reversal will not result on the ground of the misdirection of the jury unless the error complained of constitutes a substantial violation of a constitutional or statutory right given the defendant.

2.    **Appeal and Error—Discretion of Court—Indorsing on Information Additional Witnesses.**    In a felony case it is discretionary with the trial court to permit the county attorney to indorse upon the information the names of additional witnesses for the state after the trial has begun, and a reversal will not result from such action on the part of the trial court unless the error complained of amounted to a clear abuse of discretion.

3.    **Trial—Recalling Jury and Questioning as to Likelihood of Verdict.**    It is proper for the trial court, after the jury have been deliberating for some time, to call them into open court to ascertain why they cannot agree and to inquire if there is any likelihood of an agreement. In so doing the trial court must be careful to say nothing tending to coerce an agreement by the jury or to indicate what their verict should be. For remarks of a trial court not amounting to an attempt to coerce the jury into returning a verdict of guilty, see body of opinion.

4.    **Larceny—Grand Larceny—Sufficiency of Evidence.**    Evidence examined, and held sufficient to support the verdict.

Appeal from District Court, Ottawa County; S. C. Fullerton, Judge.

Jeff Montgomery was convicted of grand larceny, and he appeals.    Affirmed.

Smith & McGhee and A. W. Turner, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

MATSON, J. Jeff Montgomery was convicted in the district court of Ottawa county of the crime of grand larceny, and on the 23d day of September, 1919, was sentenced to serve a term of one year and one day in the state penitentiary for said crime.

The larceny for which defendant was convicted occurred in the town of Fairland, Okla., on or about the 27th day of January, 1919, and was connected with the burglarizing of the store of one J. S. Moore, the property taken consisting of watches, razors, rings, brooches, guns, et cetera, of the approximate value of $300.

There is no dispute but that the store of the said Moore was broken into and burglarized on the night of the 27th of January, 1919, and property stolen therefrom. Shortly after the theft of this property some of it was found in the possession of the wife of this defendant at their room in the town of Fairland, and when the officers discovered her with the property, she attempted to conceal it by placing it between the weatherboarding and ceiling. This property consisted of three wrist watches, four bracelets, a gentleman's watch, a pair of cuff buttons, and some pennies. Two or three witnesses testified that they saw defendant on the night the store was burglarized as late as 10:30 that night standing by the side of Moore's store and on the street in the vicinity of the store.

The defense interposed was an alibi, defendant testifying that he was not in the town of Fairland on the night of the burglary and had nothing to do with the stealing of these articles; that he did not know how his wife came into the possession of them; that he was living in the town of Afton

and was in Afton on that night; that his wife was visiting his mother in Fairland at that time. Defendant positively denied meeting or seeing any of the witnesses who testified for the state that they had seen him in the town of Fairland on the night the property was stolen and close to Moore's store.

Four assignments of error are relied upon as grounds for the reversal of this judgment. It is first contended that the trial court erred in giving an erroneous instruction to the jury on the question of the probative force of recent possession of stolen property. In this connection it is argued that the instruction is argumentative, and invades the province of the jury to judge of the evidence and the force to be given it.

In some respects the instruction is open to the criticism lodged against it. In other respects, however, the law is stated in a manner favorable to defendant. Considered in connection with other instructions given, we fail to see wherein this particular instruction resulted in substantial prejudice to defendant or should cause a reversal of this judgment. An examination of this record convinces the court that the evidence against this defendant introduced on the part of the state would clearly convince an impartial trier of the facts that defendant is guilty of the crime charged, and in committing said crime also committed the more grave offense of burglary. This court is not permitted to reserve a rightful judgment of conviction on the ground of the misdirection of the jury unless, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Section 6005, Revised Laws 1910.

The conviction is, in this court's opinion, a just one, and the error complained of not such as to deprive defendant of any constitutional or statutory right.

It is also contended that the trial court erred in permitting the county attorney to indorse the names of two additional witnesses upon the information and use them in chief against defendant after the trial had begun. It was discretionary with the trial court so to do. Section 5733, Revised Laws 1910; Vance v. Territory, 3 Okla. Cr. 208, 105 Pac. 303; Colbert v. State, 4 Okla. Cr. 500, 113 Pac. 558.

The evidence of the two additional witnesses was to some extent cumulative. It related solely to the question of whether or not the defendant was domiciled in the town of Fairland at the time of the commission of the offense, and had a bearing only upon the question of his possession of the stolen property. While the conviction was based to a considerable extent upon evidence of the recent possession of stolen property, there were other incriminating circumstances pointing to the guilt of defendant. Under the circumstances disclosed by this record, it cannot be said that the trial court abused its discretion in permitting the names of the additional witnesses to be indorsed on the information.

It is also contended that the trial court coerced the jury into returning a verdict of guilty. In connection with this assignment the record shows that, after the jury had deliberated for some time, they were returned into open court and asked by the court if they had reached a verdict, to which inquiry the foreman replied that they had not. They were then asked by the court as to whether there was a disagreement concerning the evidence in the case, or whether or not they desired further instructions by the court, to which the jury answered in the negative. The court then asked them:

"Without indicating how you stand upon the guilt or innocence of defendant, how are you divided?"

To which the foreman replied, "Eleven to one." Whereupon the court remarked:

"I expect that one man thinks there are eleven mighty contrary jurors. Gentlemen, it is important in these cases that you reason together and consider together and not get stubborn or arbitrary or unreasonable; reason among yourselves and see if you cannot arrive at a verdict. It is important to the state and to defendant that you arrive at a verdict, if it is reasonably possible, and I suggest that you return to your jury room and resume your deliberations and reason with one another and see if you cannot get together. You may retire."

It is contended that by the use of the expression, "I expect that one man thinks there are eleven mighty contrary jurors," the court intended and did convey just the opposite meaning—that the eleven thought there was one mighty stubborn man in that jury, and that this remark of the court indicated to the jury that the court also thought that there was one mighty stubborn man on the jury.

We do not approve of this remark. It hardly comports with the dignity expected of a court of general jurisdiction. For that reason, trial courts should forbear indulgence in such remarks.

However, it takes a considerable quantity of refined and circuitous reasoning to convince one that the remark complained of amounted to an attempt on the part of the trial court to coerce the jury into returning a verdict, or that it had any such effect. The entire discourse by the court to the jury discloses that it was the trial court's purpose only to call the jury's attention to the importance of arriving at a verdict in the case, whatever that verdict might be, and that they should reason together and consider the evidence as reasonable men, and not in a stubborn, arbitrary, or unreasonable manner. We think it was entirely proper for the court to so advise the jury, and

that the action of the court was not such as would tend to coerce the jury in arriving at a verdict nor tend to influence the verdict to be returned.   Therefore we find no reversible error in this assignment.

Finally it is contended that the verdict is not supported by sufficient evidence.  The argument is advanced in support of this assignment that the evidence produced by the state is wholly circumstantial, and the circumstances are not such as to exclude every other reasonable hypothesis than that of guilt of defendant.

It is admitted that the corpus delicti of the crime is established; that the property found in the possession of defendant's wife was part of that stolen from the store of Moore when it was burglarized on the 27th day of January, 1919.  Besides the evidence of the recent possession of the stolen property at the place where defendant was then, if not permanently, at least temporarily, domiciled, there is the suspicious conduct of the wife in attempting to conceal the property.  Also the amount of wrist watches discovered in her possession was more than could be conveniently used by her, her possession of this stolen property being entirely unexplained by her, and in addition defendant was seen standing by the side of Moore's store about 10:30 o'clock on the night that the store was burglarized, and at   other times by two witnesses at other places in Fairland on that night, also near to Moore's store. Crimes of this character are not committed in open daylight, or under circumstances where positive and direct evidence is available to prove them.   In nearly every instance crimes of larceny, burglary, and the like must be established by circumstantial evidence.

We regard the   circumstances   established in this case against defendant amply sufficient to support the verdict. The inferences properly to be drawn from such circumstances, in

our minds, point unerringly to defendant's guilt.  We are impressed with the fact that the narrative of his whereabouts and doings on the night of this alleged burglary is untruthful, and upon a careful consideration of the entire record we reach the conclusion that the jury arrived at the proper verdict under the facts and circumstances before them.

Finding no error in the record sufficient to justify a reversal of the judgment, the same is accordingly affirmed.

DOYLE, P. J., and BESSEY, J., concur.