## D. H. WALTER v. STATE.

No. A-4624. Opinion Filed Feb. 17, 1925.
Rehearing Denied April 11, 1925.
(233 Pac. 240.)

(Syllabus.)

1. **Indictment and Information—Duplicity of Information Waived by Failure to Object.** Where it is claimed that an information in two counts charges two separate offenses, but no objection is made attacking the alleged duplicity in the trial court, and the record shows that the evidence and the instructions of the court all related to count 1, the verdict will not be disturbed on the ground that the information was duplicitous.

2. **Appeal and Error—Misconduct in Communication with Jury Held Harmless.** Misconduct in communicating with the jury during their deliberations held harmless.

Appeal from District Court, Stephens County; Cham Jones, Judge.

D. H. Walter was convicted of second degree forgery, and he appeals. Affirmed.

Walter Hubbell and Ben F. Saye, for plaintiff in error.

The Attorney General, and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. D. H. Walter, plaintiff in error, defendant below, was convicted of forgery in the second degree, with his punishment assessed at confinement in the penitentiary for a term of one year.

The information was in two counts; the charging part being as follows:

"The said D. H. Walter did then and there knowingly, fraudulently, willfully, unlawfully, and feloniously utter as true a certain forged instrument in writing, to wit, a check, said check being in words and figures as follows: 'T. B. Jones, Duncan, Okl., Sept. 13, 1921. Pay to the order of W. H. Wall $110.00, one hundred and ten and no/100 dollars, to Security State Bank, Duncan, Okl., for 11 days' labor to date. (Signed) T. B. Jones. (Indorsed) W. H. Hall,' and at the time said defendant so uttered said instrument as true and presented the same to the Security State Bank, a corporation, Duncan, Okl., for payment, and represented said check to be the true and genuine check of the said T. B. Jones, but was a forged check, and said defendant well knew that the check was a forgery and not the true and genuine check of the said T. B. Jones, and the said check was willfully, unlawfully, fraudulently, knowingly, and feloniously uttered by the said defendant, with the willful, unlawful, fraudulent, and felonious intent of the said defendant to cheat and defraud the said Security State Bank, a banking corporation, of the said sum of money.

### "SECOND COUNT

"That the said D. H. Walter, late of Stephens county, Okla., and within the jurisdiction of this court, then and there being, did then and there willfully, unlawfully, knowingly, fraudulently, and feloniously have in his possession a certain forged instrument, to wit, a check, said check being in words and figures as follows: 'T. B. Jones, Duncan, Okl., Sept. 13, 1921. Pay to the order of W. H. Wall $110.00, one hundred and ten and no/100 dollars, to Security State Bank, Duncan, Okl., for 11 days' labor to date (Signed) T. B. Jones. (Indorsed) W. H. Wall,' with the willful, unlawful, fraudulent, and felonious intent of him, the said D. H. Walter, to cheat and defraud the Security State Bank, a banking corporation, Duncan, Okl., by uttering the said check as true and genuine, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Oklahoma."

Under our Code of Criminal Procedure an information must charge but one offense. From an inspection of this information it is hard to say whether two separate offenses were charged, or whether but one offense, differently stated in different counts. Since there was no demurrer filed on the ground of duplicity, and since the evidence and the instructions of the court indicate that defendant was tried for delivering, uttering, and offering a forged check for sale, as set out in the first count, in violation of the provisions of section 2078, Comp. Stat. 1921, the duplicity of the pleading, if such there was, was waived.

The defendant says that in the absence of the defendant and his counsel the judge communicated with the jury upon the law of the case, as shown by a statement of the trial court made a part of the record, in this wise:

"The jury retired Tuesday night about 10 o'clock, in charge of the bailiff, to consider of their verdict; about 10 o'clock a. m., Wednesday the bailiff handed me a note. from the jury, which was in substance as follows:

" 'In the event the jury finds the defendant guilty, can the jury suspend sentence during good behavior?'

"I told the bailiff to tell them no. About 5 o'clock Wednesday afternoon the jury returned the following verdict:

"We, the jury drawn, impaneled, and sworn in the above-entitled cause, do upon our oath find the defendant, D. H. Walter, guilty as charged in the information herein, and assess his punishment at one year in the state penitentiary, and recommend a suspended sentence on good behavior.'

"Neither the defendant nor his counsel were present at the time the request was received from the jury, nor when the answer was returned, nor were they notified of the communication from the jury to the court nor from the court to the jury until the return of the verdict and the discharge of the jury."

Defendant says that according to the former decisions of this court this vacates the verdict, citing Watson v. State, 7 Okla. Cr. 508, 124 P. 329; Ridley v. State, 5 Okla. Cr. 523, 115 P. 628; Henderson v. State, 18 Okla. Cr. 611, 197 P. 720; Thomas v. State, 13 Okla. Cr. 14, 164 P. 995.

If we were to follow literally the rule announced in the Watson and Ridley Cases, supra, this case should be reversed. But since the decisions in those cases we have adopted as a part of our Code of Criminal Procedure the statute known as the "harmless error" statute (section 2822, Comp. Stat. 1921), which reads as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

In this case the communication was concerning a matter of slight import, resulting in no harm to the defendant. One of the purposes of the "harmless error" statute was to obviate new trials on technical grounds not affecting the substantial rights of the parties.

The Henderson Case, supra, is not in point here because in that case the communication was important, dangerous, and probably prejudicial; the same is true of the Thomas Case, supra.

There was ample evidence to sustain the verdict.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.