## GEORGE BENNETT v. STATE.

No. A-6443.  Opinion Filed March 16, 1929.
(275 Pac. 390.)

Ben F. Williams, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was tried in the district court of Cleveland county, on a charge of assault with intent to kill, and convicted of assault to do bodily harm, and his punishment fixed at imprisonment in the county jail for six months. Motion for new trial was filed and overruled, exceptions saved, and the defendant has appealed to this court.

The state introduced testimony showing a difficulty between the defendant and one Roy Shriver, in which the defendant shot Roy Shriver. The defendant introduced his testimony tending to establish that the shot was fired in his necessary self-defense. After an examination of the record we do not deem necessary to set out at length the testimony on behalf of the state or the defendant.

The defendant has assigned twelve separate errors alleged to have been committed by the trial court. From an examination of the record we are convinced that the court committed reversible error, and therefore it will only be necessary to discuss the twelfth assignment. This assignment of error presents the question of the defendant not having a fair and impartial trial, by reason of the fact that after the jury in said cause had retired to the jury room to consider of their verdict, Judge W. L. Eagleton, district judge before whom the case was tried, went into the jury room, taking with him the court reporter and defendant, and, in the absence of defendant's attorney, conversed with and reinstructed the jury as follows:

"By the Foreman of the Jury: I wish to say as foreman of the jury we have reached this status of the question. Under No. 4 of your instructions that we find the defendant guilty as under this charge and ask the court to fix the penalty of the sentence. Whether we are right or wrong in that, we don't know.

"By the Court: The court of course expected under the instructions that the jury would also fix the penalty and under the entire instructions there, you will find that is what I informed or told the jury. I will state that the statute provides that in the event the jury cannot agree upon the penalty they can so note upon their verdict and that would put it up to the court. Now Mr. Williams, the defendant's attorney, has always opposed the penalty being placed upon the court and for that reason I never instruct the jury in one of his cases to fix the penalty; that is, the placing of the penalty placed upon the court; and unless Mr. Williams was present, I don't think I would want to take the responsibility, knowing his general feelings in those matters, but we will try and get in touch with him and if he will agree, then the court will instruct you to that extent.

"By the Foreman: I wish to further state, unless we can reach an agreement of this kind, the jury is hopelessly hung.

"By the Court: Well, the court cannot accept a suggestion from the jury at this time that it is a mistrial. The court would have to insist, of course, that the jury still work.

"By the Foreman: I did that to strengthen the status of the case as the jury is ten to two.

"By the Court: That really weakens it because Mr. Williams would never agree that the jury should shift the penalty to the court. So, gentlemen, I will have to ask you—there is no use calling Mr. Williams under that statement—so the court will have to ask the jury to continue in their efforts. Now the leeway is so great that it seems to me that the jury certainly can reach an agreement.

"By the Foreman: Thank you very much.

"By the Court: You don't differ as to the law and you don't differ as to the facts in the case but merely the application of the facts to the law, is that all?

"By the Foreman: That is a good deal of it. We might say this question—there is some doubt in the mind of the jury seemingly in regard to the penalty in this case. It says, 'is punishable by imprisonment in the penitentiary not to exceed five years or by imprisonment in the county jail not exceeding one year.' The question arises as to the 'exceeding.'

"By the Court: The word 'exceeding' means that if you should determine under that instruction, find the defendant and wanted to assess his penalty in the penitentiary it must be five years or less; it might be any time not to exceed five, it cannot be more than that. And it carries with it also a jail sentence. In event you don't want to send the defendant to the penitentiary you can give him a jail sentence under the further instructions of the court not to exceed twelve months. That means in the county jail for any time, not over twelve months. I think that if I have the bailiff take you to supper, maybe on a full stomach you may be able to do better work."

The record shows that the counsel for the defendant was not notified of the court's intention of going into the jury room, taking the court reporter and the defendant along with him, and the defendant was entirely without advice as to his actions, being an inexperienced man did not know what to do, and obeyed the directions of the court. It is further shown by the record that the court in overruling defendant's motion for a new trial said in this connection:

"While the court admits that he did not make any effort that he now remembers to have the attorney present, I don't believe the court even stopped the matter long enough to even try to find the attorney, but the defendant was present and the court told the de-

fendant to come with him to the jury room, and he told the stenographer to take down everything that was said."

This record is undisputed, and it is undisputed that the record discloses defendant was unable to tell definitely what did take place in the jury room. The defendant urges that the action of the court in entering the jury room and reinstructing the jury was in violation of section 2687, C. O. S. 1921. The last sentence of this section 2687 provides:

"All instructions given shall be in writing unless waived by both parties, and shall be filed and become a part of the record in the case."

Section 2730, C. O. S. 1921, is as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel or after they have been called."

In Watson v. State, 7 Okla. Cr. 508, 124 P. 329, in the second paragraph of the syllabus this court says:

"Under Comp. Laws 1909, § 6865, providing that after the jury have retired for deliberations, if they shall desire to be informed on a point of law, they must be conducted into the court room, and the information given in the presence of or after notice to the counsel for both parties, it is reversible, error for the judge to follow the bailiff to the jury room, and there instruct the jury as to the effect of a verdict rendered by them; none of the counsel being present."

In Ridly v. State, 5 Okla. Cr. 522, 150 P. 628, this court held that if while the jury was in the jury room deliberating upon a verdict, one of the members

knocked upon the door and when the door was opened talked with the clerk as to how the verdict should be signed, held that any communication or conversation with the jury in reference to the case by the clerk of the court, after the jury had retired to consider of its verdict, will be presumed to prejudice the rights of the defendant.

In Selstrom v. State, 7 Okla. Cr. 345, 123 P. 557, this court held that where the bailiff called a juror from the jury room, after the case had been finally submitted to the jury, and the juror leaves the bailiff and goes into another room and converses with the sheriff, and his conduct and conversation during that time is unexplained, it is an abuse of discretion for the trial court to overrule the motion for a new trial.

In Milam v. State, 24 Okla. Cr. 247, 218 P. 168, in the third paragraph of the syllabus, this court held:

"Oral instructions given, after submission of the cause to the jury, during the jury's deliberations, held improper and misleading. (a) After a cause is submitted to the jury if the jurors ask for further instructions, and the court deems it proper, additional instructions may be given. These should be reduced to writing, and filed in the same manner as the original instructions."

In Henderson v. State, 18 Okla. Cr. 611, 197 P. 720, this court said:

"1. It is the duty of courts to enforce a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials.

"2. Under section 5913, Revised Laws 1910, providing that: 'After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must

require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the county attorney and the defendant or his counsel, or after they have been called'—it is reversible error for the trial judge, upon being called by the jury, to go to the jury room, and in the absence of counsel and the defendant to converse with the jury and again read any of the instructions to them. Such information must be given in conformity with section 5913, or not at all."

In this case the Attorney General confessed error, and said, in part:

"In addition, we are inclined to think that it should be the policy of the law that one convicted of crime not to be required to prove that the presence of the trial judge in the jury room did not prejudice his rights, it being a violation of the law for the judge to be present with the jury, while they are considering their verdict; in the interest of justice, it is only proper to hold that such act constitutes prejudicial error, and we are inclined to think that for the error pointed out, the judgment of the trial court should be reversed."

In Swaggert v. Territory, 6 Okla. 344, 50 P. 96, in the second paragraph of the syllabus, the court said:

"The giving of oral instructions to the jury in a criminal case without the consent of the defendant, the consent of the defendant thereto cannot be presumed from his presence and failure to make objection, when the oral instruction is given, is error."

In this opinion numerous California cases are quoted which held it reversible error for the court to orally instruct the jury without the consent of the defendant. In People v. Payne, 8 Cal. 341, the instruction had been given in writing, and a verbal qualification had been added; the verdict was reversed. It is an unusual thing for the trial court to go into the jury room and there have any conversation, or give to the

jury any information or instructions. The proper way is for the court to call the jury into the jury box, in open court, advise the counsel, and, when all are present to inquire of the jury what information they desire, and, if it is additional instruction, upon what part of the testimony it is desired. In this case the record discloses that the judge, in the absence of the counsel for the defense, in the jury room, after the jury had retired to consider its verdict, gave the jury oral instructions, in which he stated: "I will state that the statute provided that in the event the jury cannot agree upon the penalty they can so note upon their verdict and that would put it up to the court. Now Mr. Williams, the defendant's attorney, has always opposed the penalty being placed upon the court and for that reason I never instruct the jury in any of his cases to fix the penalty; that is the placing of the penalty placed upon the court; and unless Mr. Williams was present I don't think I would want to take the responsibility knowing his general feelings in those matters, but we will try to get in touch with him and if he will agree, then the court will instruct you to that extent."

The record further shows that there was a discussion back and forth between the foreman of the jury and the court as to their controversies which was interfering with their returning a verdict. In section 2687, supra, it is provided that all instructions given shall be in writing, unless waived by both parties, and has been construed by this court several times from territorial days down to the present. It is the duty of the trial court to reduce his instructions to writing, and, unless waived by both parties, we hold that it is an abuse of discretion for the trial court to go into the jury room, after it has retired to consider its verdict, and there engage in a conversation with members of the jury as to the law applicable to the facts in the

case, and as to why he would not advise them to return a verdict leaving the penalty to the court, telling the jury, in the absence of defendant's counsel, that, knowing counsel's attitude upon that question, he would not advise them unless he could get in touch with defendant's attorney and he would agree to it.

In this case no one can tell what the verdict would have been had the court not gone into the jury room and engaged the jury in the conversation that he did. The defendant, it is true, was present, but by order of the court; he was not represented by counsel and had not voluntarily consented to anything. The court, in orally reinstructing the jury, which was a violation of defendant's rights under the law, had talked to them face to face, and told them: "I think if I have the bailiff take you to supper, maybe on a full stomach you may be able to do better work." Just what the court had in mind by that no one can tell, but in view of the fact that the jury had not agreed upon its verdict it is reasonable to infer that when they returned from their supper with full stomachs they would be able to reach a verdict of guilty.

For the reasons stated the judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

EDWARDS, P. J., and CHAPPELL, J., concur.