## OSCAR GRAHAM v. STATE.

No. A-9884.    Jan. 14, 1942.
(121 P. 2d 308.)

338

Mac Q. Williamson, Atty. Gen., Jess L. Pullen and Owen J. Watts, Asst. Attys. Gen., and Arthur J. Marmaduke, Co. Atty., of Duncan, for the State.

Jerome Sullivan, of Duncan, for defendant.

BAREFOOT, P. J.   Defendant was charged in the district court of Stephens county with the crime of murder, was tried, convicted of manslaughter in the first degree and sentenced to serve a term of 11 years in the penitentiary, and has appealed.

Defendant has assigned seven errors for reversal of this case:

(1)   The evidence is insufficient to support the conviction.

(2)   Counsel for prosecution committed reversible error in examination of defendant.

(3)   The court committed reversible error in the manner and form of instructing the jury.

(4)   Error of the court in going in the jury room on the night of December 12 and communicating with the jury while it was deliberating without the presence of the defendant or his counsel.

(5)   Error of the court in denying defendant's motion to exclude the entire testimony of the witness Beulah Sparks from the consideration of the jury.

(6) Error of the court in overruling defendant's motion to declare a mistrial after the sheriff and under-sheriff mixed and mingled and conversed with the jury.

(7) Punishment assessed by the jury is excessive under the evidence in the case.

After an examination of the briefs and the record, we have decided that these errors may be considered together. We have come to the conclusion that under the law this case must be reversed, and we first consider assignment of error No. 4 which is:

"Error of the court in going in the jury room on the night of December 12 and communicating with the jury while it was deliberating without the presence of the defendant or his counsel."

The record reveals that after the jury had retired to deliberate on their verdict, the court at about 9:30 at night went to the jury room, opened the door and entered, and in the presence of the bailiff made inquiry of the jury if they would be able to reach a verdict in a short time, and the foreman told him to give them about 15 minutes, and he said, "All right," and returned to his chambers. In 20 or 25 minutes the jury returned, but did not have a verdict and were by the court excused until the next morning. Neither the defendant nor his counsel were present at the time that the court entered the jury room.

The statutes with reference to the conduct of the jury after instructions have been delivered and the case finally submitted to them are Oklahoma Statutes 1931, sections 3081 and 3085, O. S. A., Title 22, §§ 857 and 894, which are as follows:

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient

place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

These statutes have been under consideration many times in this court. Ridley v. State, 5 Okla. Cr. 522, 115 P. 628; Watson v. State, 7 Okla. Cr. 508, 124 P. 329; Selstrom v. State, 7 Okla. Cr. 345, 123 P. 557; Thomas v. State, 13 Okla. Cr. 414, 164 P. 995; Henderson v. State, 18 Okla. Cr. 611, 197 P. 720; Montgomery v. State, 19 Okla. Cr. 224, 199 P. 222; Walter v. State, 29 Okla. Cr. 221, 233 P. 240; Bennett v. State, 42 Okla. Cr. 264, 275 P. 390; Grable v. State, 60 Okla. Cr. 339, 44 P. 2d 152. In the case of Raab v. State, 62 Okla. Cr. 361, 71 P. 2d 773, we have cited and reviewed all of those decisions. The facts in each case are somewhat different, but in all of them the principle has been followed as announced in the Ridley Case, supra [5 Okla. Cr. 522, 115 P. 630]. Judge Doyle said in that opinion:

"The question presented is whether such misconduct is sufficient to require the court to set the verdict aside and grant a new trial. It is of the utmost importance that jurors and court officials should be held to a strict observance of the provisions of law prescribing their procedure and duties, and their conduct should be such that no possible suspicion can attach to them of having acted in a manner prejudicial to the accused, or in his

favor. If there was a disagreement between them, or if they were doubtful as to how they should proceed, they should have required the officer in charge to conduct them into court, and the necessary information would be given by the court in the presence of the parties. It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the action of the jury and clerk of the court in disregarding and failing to observe the requirements of the statute. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials. We deem it unnecessary to consider the other assignments."

In the Raab Case, supra, we quoted from the case of Sargent v. Roberts, 1 Pick., Mass., 337, 11 Am. Dec. 185, an old and leading case. It is there said [62 Okla. Cr. 361, 71 P. 2d 778]:

"And we are all of opinion, after considering the question maturely, that no communication whatever ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court, and, where practicable, in presence of the counsel in the cause. The oath administered to the officer seems to indicate this as the proper course: 'He is to suffer no person to speak to them, nor to speak to them himself unless to ask them whether they are agreed;' and he is not to suffer them to separate until they are agreed, unless by order of court. When the court is adjourned, the judge carries no power with him to his lodgings, and has no more authority over the jury than any other person; and any direction to them from him, either verbal or in writing, is improper.

"It is not sufficient to say that this power is in hands highly responsible for the proper exercise of it; the only sure way to prevent all jealousies and suspicions, is to consider the judge as having no control whatever over the case, except in open court in presence of the parties and their counsel. The public interest requires that litigating

parties should have nothing to complain of or suspect in the administration of justice, and the convenience of jurors is of small consideration compared with this great object. If by reason of the long intervals between the sessions of the court, jurors here are subjected to inconveniences which do not exist elsewhere, this must be remedied by holding two sessions a day instead of one. It is better that everybody should suffer inconvenience, than that a practice should be continued which is capable of abuse, or at least of being the ground of uneasiness and jealousy."

We also quote from the decision of the late Judge McDermott in Little v. United States, 10 Cir., 73 F. 2d 861, 864, 96 A.L.R. 889. The facts in that case were a little stronger than in the instant case, but the same principle is announced when the court says:

"Underneath that phase of it lies the proposition that no one should be with a jury while it is engaged in its deliberations. The jury system is founded upon the proposition that disinterested jurors will hear the evidence in open court, and upon that evidence and that alone, deliberate among themselves until a verdict is reached. * * * To permit various persons, under one pretext or another, to be with the jury in its deliberations is to open the door to grave abuse and to strike directly at the heart of the system. Without exception, as far as we are advised, such procedure has been held to be error. * * * Nor should there be any communication between the court and jury except in open court."

Since the decision in the Raab Case, supra, this court has again had this question before it in the case of Lewis v. State, 73 Okla. Cr. 172, 119 P. 2d 91, 92. In an opinion by Judge Jones it is said:

"Where jury had retired to deliberate on its verdict, communication or instructions given jury by judge should have been in open court in presence of, or after notice to, county attorney and defendant or his counsel, or after they had been called.

"Where the trial judge communicates with jury outside courtroom and in absence of defendant or his counsel, defendant is presumably prejudiced, and state has burden to show that there was no prejudice."

In reversing this case the court quoted from the case of State v. Wroth, 15 Wash. 621, 47 P. 106, 107, where it is stated:

"It is contended by the appellant's counsel that this constituted such misconduct on the part of the trial judge as requires a reversal, and we think the contention must be sustained. In the discharge of his official duty, the place for the judge is on the bench. As to him, the law has closed the portals of the jury room, and he may not enter. The appellant was not obliged to follow the judge to the jury room in order to protect his legal rights, or to see that the jury was not influenced by the presence of the judge; and the state cannot be permitted to show what occurred between the judge and the jury at a place where the judge had no right to be, and in regard to which no official record could be made.

"But learned counsel for the state insist that the judge said nothing to the jury, and hence his conduct could not have been prejudicial to the defendant. But the law does not subject parties litigant to the disadvantage of being required to accept the statement of even the judge as to what occurs between himself and the jury at a place where the judge has no right to be, and where litigants cannot be required to attend. It is the lawful right of a party to have his cause tried in open court, with opportunity to be present and heard in respect to everything transacted. It is his right to be present and attended by counsel whenever it is found necessary or desirable for the court to communicate with the jury, and he is not required to depend upon the memory or sense of fairness of the judge as to what occurs between the judge and jury at any time or place when he has no lawful right to be present. His right in this respect goes to the very substance of trial by jury. Aside from the rights of the parties, public policy will not sanction any

departure from the rule which requires that all such communications shall be public, and in the presence of the parties or their counsel."

See, also, Osborne v. State, 93 Tex. Cr. R. 54, 245 S. W. 928; Crabtree v. Hagenbaugh, 23 Ill. 349, 76 Am. Dec. 694; Coolman v. State, 163 Ind. 503, 72 N. E. 568; Wacaster v. State, 172 Ark. 983, 291 S. W. 85; State of North Dakota v. Murphy, 17 N. D. 48, 115 N. W. 84, 17 L. R. A., N. S., 609, 16 Ann. Cas. 1133; 22 A. L. R. 261; 62 A. L. R. 1468; 96 A. L. R. 899; 38 Cyc. 1859; 64 Corpus Juris 1037; 16 R. C. L. 298 and 299.

We realize and know there was no intention on the part of the trial judge in the instant case to in any manner influence the jury. His high standing and ability as a trial judge are well known to the members of this court, but the members of this court have also had extensive experience in the trial of criminal cases and we know how the ordinary juror is constantly keeping watch for some slight movement or expression from the trial judge as to what he believes ought to be the outcome of the trial. If this watch is had during the progress of the trial, how much more so will it be if the court is permitted to go to the jury room and enter the same after they have retired to deliberate on their verdict. Not only what he may say, but the very fact that he goes there, may be an indication which they will take that he is personally interested in their returning a verdict. Some may come to the conclusion that he desires a verdict of guilty; others to the conclusion that he desires a verdict of not guilty. Its only effect can be to cause discord among the jurors in their secret deliberations. The defendant and his counsel have no opportunity to be present nor to take any exception to anything that may transpire. The only way to protect the rights of defendant is for the

court to send for the jury and have them come into open court, and there in the presence of defendant and his counsel make inquiry of them if it is desired. It is not only a dangerous precedent to permit the court to go into the jury room after the jury has retired to deliberate, but it is very hard to prove what actually took place therein during the time that the judge was present.

The question of self-defense was a very close issue according to the facts in this case, but we shall not discuss the facts. It becomes unnecessary to pass upon the other questions raised by the defendant. However, we will state that the evidence of the witness Beulah Sparks was incompetent and immaterial and should not be permitted against the defendant. The other errors mentioned would not probably arise in a retrial of this case.

For the reasons above stated the judgment and sentence of the district court of Stephens county is reversed and remanded.

JONES and DOYLE, JJ., concur.