Cecil Roy GREEN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12091.

Criminal Court of Appeals of Oklahoma.

March 1, 1955.

David Tant, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Cecil Roy Green, Defendant below, was charged by information, in the District Court of Beckham County, Oklahoma, with having committed the crime of robbery with firearms, 21 O.S.1951 § 801. The information alleged in substance, that the defendant, acting with three other persons, did take, steal and carry from the immediate person and presence of Felix Wood, without his consent and against his will, the sum of $623, the possession of said sum having been effected by a threat to shoot the said Felix Wood with a pistol, and he being thus put in fear of immediate and unlawful injury to his person. All of which foregoing things the defendant did do, with the intent and purpose to permanently deprive the defendant of said sum, and for the purpose of converting the same to defendant's own use and benefit. The defendant was tried by a jury, convicted, his punishment fixed at 5 years in the Penitentiary; judgment and sentence was entered accordingly, from which this appeal has been perfected.

Although the evidence to connect defendant is entirely circumstantial the defendant did not question the sufficiency of such evidence to sustain a conviction. He urges one proposition alone, as grounds for reversal; that proposition is as follows:

"Error of the Court in giving the Jury additional instructions after they had retired to their jury room to consider their verdict without having the jury return to the court room and instruct them in open court and without calling the defendant or his attorneys and neither the defendant or his attorneys being present in open court when such additional instructions were given."

The foregoing contention is predicated upon the following statement of facts: After the jury had retired for deliberation, and while deliberating, the jury foreman informed the bailiff that the jury desired to ask the trial judge a question. The bailiff then notified the trial judge of the jury's wishes, whereupon the trial judge informed the officer in charge of the jury to notify the foreman of the jury to write his question on a piece of paper and return it by the officer in charge of the jury, to the court, which foreman then wrote the following question to the trial judge:

"We wish to know if the testimony of Sheriff Schooler pertains to his conversation with the defendant to the fact that he was in Beckham County was admitted as testimony.

S/J.S. Holmberg, Foreman."

Whereupon, the trial judge having read the question brought to him by the foreman, wrote the following answer which was delivered by the bailiff to the jury:

"Members of the Jury:

"In answer to your question please be advised that the statement of the sheriff on the point asked about was objected to and the objection was sustained on the theory that the answer might be a conclusion of the witness. So in direct answer to your question please be advised that the testimony asked about was not admitted as evidence."

The foregoing facts must be interpreted in the light of the provisions of Title 22, O.S.1951 § 857 and § 894, providing as follows, to-wit:

"§ 857. After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them

together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

"§ 894. After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising on the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

It clearly appears under the foregoing provisions of Title 22 that if the jury desires information from the trial judge as to any part of the testimony, or information on any part of law, they must require the officer to conduct them into court and that such information when imparted to them by the trial judge must be given in the presence of, or after notice to the County Attorney, the defendant or his counsel. There can be no question in the case at bar that the trial judge in answering the jury's question did not comply with the foregoing statutory provisions. Upon failure of a trial court to comply with the foregoing statutory provisions, the authorities hold presumption of prejudice arises.

It will be observed that the language employed by the legislature in the foregoing statutes is not permissive, but mandatory, as follows: "They must require the officer to conduct them into court", whether they seek information on the face of the record as to testimony, or seek information on a point of law. The first case construing the foregoing statutes was that of Ridley v. State, 5 Okl.Cr. 522, 115 P. 628, 630, wherein the late Judge Doyle, speaking for the court, said in the body of the opinion:

"It is of the utmost importance that jurors and court officials should be held to a strict observance of the provisions of law prescribing their procedure and duties, and their conduct should be such that no possible suspicion can attach to them of having acted in a manner prejudicial to the accused, or in his favor. If there was a disagreement between them, or if they were doubtful as to how they should proceed, they should have required the officer in charge to conduct them into court, and the necessary information would be given by the court in the presence of the parties. It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the action of the jury and clerk of the court in disregarding and failing to observe the requirements of the statute. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials."

Herein the trial court violated the provisions of both § 857 and § 894, 22 O.S.1951, by communicating with the jury while they were in deliberation, outside of the court room, and when counsel were not present. The procedure followed herein has been frowned upon in the following cases, all of which have been reversed for this, or similar reasons: Watson v. State, 7 Okl.Cr. 508, 124 P. 329; Selstrom v. State, 7 Okl.Cr. 345, 123 P. 557; Thomas v. State, 13 Okl. Cr. 414, 164 P. 995; Henderson v. State, 18 Okl.Cr. 611, 197 P. 720; Montgomery v. State, 19 Okl.Cr. 224, 199 P. 222; Bennett v. State, 42 Okl.Cr. 264, 275 P. 390; Grable v. State, 60 Okl.Cr. 339, 44 P.2d 152; Raab v. State, 62 Okl.Cr. 361, 71 P.2d 773.

In Lewis v. State, 73 Okl.Cr. 172, 119 P.2d 91, 92, this court said:

"Where the trial judge communicates with the jury outside of the court room, in the absence of defendant or his counsel, such conduct is presumed to be prejudicial to the defendant, and the burden is upon the state to show

that the defendant was not prejudiced by reason of such misconduct."

In Ladd v. State, 89 Okl.Cr. 294, 207 P.2d 350, 351, this court said in part:

"After the jury has retired to deliberate on its verdict, any communication or instructions given the jury by the judge should be in open court in the presence of, or after notice to, the county attorney and the defendant or his counsel, and after they have been called and given an opportunity to be present.

"Where the trial judge communicates with the jury, outside of the courtroom, in the absence of defendant or his counsel, such conduct is presumed to be prejudicial to the defendant, and the burden is upon the state to show that the defendant was not prejudiced by reason of such misconduct.

"Question whether evidence of state is sufficient to overcome presumption of prejudice to defendant because of the intrusion of someone into jury-room, or communication of court or others to the jury in the absence of defendant or his counsel, while jury is deliberating must be answered in each case in view of the particular facts."

We are of the opinion that the facts herein present such a flagrant disregard of the directions in the statutes, § 857 and § 894, 22 O.S.1951, as to compel reliance upon the presumption of prejudice.

This record discloses communication by the jury with the bailiff and by the court through the bailiff with the jury, unauthorized by law, and no effort was made on the part of the state to rebut the presumption of prejudice arising by reason thereof. The state was content to let the matter stand on the record. To overcome the presumption of prejudice it could have called the bailiff and taken his testimony that nothing other than was reflected in this record happened between the court, the jury, and himself. The court likewise could have given his statement that the record reflected his true and only message to the jury. The jurors could have been called individually, and their testimony

taken to the effect that what occurred by and between them, the bailiff, and the court, in no wise prejudiced them against the defendant in arriving at their verdict.

The testimony of the jurors in such a situation is not to be confused with an attempt to impeach the verdict of the jury, by the testimony of a juror for impeachment of a verdict by a member or members of the jury is not permissible, either by affidavit or sworn testimony. Martin v. State, 92 Okl.Cr. 182, 222 P.2d 534; Ex parte Lewis, 92 Okl.Cr. 334, 223 P.2d 143; and Taylor v. State, Okl.Cr., 265 P.2d 733. But the procedure hereinbefore outlined is not in the nature of impeachment of a verdict, but more in the nature of proving whether an alleged communication from the trial judge was all of the communication received by the jurors from him, in order to aid the appellate court in determining whether certain acts of the trial court constituted prejudicial misconduct, in order to overcome the presumption of prejudice, and avoid what the proof may disclose is a clear attempt of the defendant to profit from a sheer technical advantage, appearing on the surface of the record, but absolutely void of substance. But such a presumption of prejudice cannot be reached by ignoring the matter as was done in the case at bar.

█ In only one case has the court deviated from consistently holding such procedure as herein pursued was error. Walter v. State, 29 Okl.Cr. 221, 233 P. 240. Therein the court had a similar situation involved to the one at bar and held that the same constituted harmless error under the provisions of Title 22, O.S.1951 § 1068. However, in Raab v. State, supra [62 Okl. Cr. 361, 71 P.2d 777], this court said:

"We do not approve of the doctrine in the Walters case, and * * * so far as it conflicts with this decision, is overruled."

Keeping in mind the purpose of the statute and its mandatory language, and with due regard to the legislative intent, we are of the opinion it is unwise to follow the holding in the Walter case, supra. We are

of the opinion that ordinarily the harmless error doctrine has no application where mandatory procedure is prescribed. Failure to follow such a prescription will, ordinarily, amount to fundamental error. Here the legislature was concerned with a fundamental right; purity of the jury system; the preservation of which is the duty of appellate courts. We cannot say this procedure did not constitute violation of one of the defendant's substantial rights under the statutes. Hence T. 22, § 1068 is not applicable herein.

We are not unmindful that there are some who will be most critical of the application of this fundamental rule, herein. But the quality of judicial mercy, as concerns mandatory procedure, is applicable to those who live both justly and unjustly. When the legislature makes mandatory provisions, which clearly appear were intended to shield all the public, both good and bad from judicial and outside interference in the jury's deliberations, we are not privileged to thwart such a mandate, under the guise of harmless error. To hold the judicial conduct herein clearly violative of the legislative mandate, was harmless error, would amount to repeal of those provisions by judicial decree. Such chiseling is destructive of democratic safeguards, and when once begun, statutory shields are ultimately disintegrated. To sustain the lower court in this instance, would establish a trend, ultimately resulting in a system where the mandatory statutory rights of no citizen would be secure, and where he could be adjudged either fish or fowl, according to the arbitrary will, whim, or caprice of the court. It would in fact destroy the division of powers, ignore the equality of the legislative, and executive branches of government and eventually establish a judicial oligarchy. It is the constitutional and statutory right of every citizen, though he be tarnished or untarnished to have the purity of the jury system preserved through observance of the mandatory statutes, and that we propose to do. No doubt such impelling reasons provoked the late Judge Barefoot to overrule the Walter case, supra, in Raab v. State,

supra, as well as the late Judge Doyle's holding in the Ridley case, supra.

We do not understand how such error could arise. The statutory provision in relation to the procedure in such cases is clear. The cases construing the foregoing statutes are numerous and free from ambiguity. There is no occasion for the occurrence of such error as herein relied upon. We hope the trial court on the new trial, and all trial courts in the future, will observe the statutes herein involved and the cases construing the same and avoid further resort to such haphazard procedure.

For all of the foregoing reasons the judgment and sentence herein imposed is accordingly reversed and the cause remanded for a new trial.

JONES, P. J., and POWELL, J., concur.