Edward MOSCO, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–185.

Court of Criminal Appeals of Oklahoma.

July 8, 1975.

William S. Horton, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Jim Peck, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Edward Mosco, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F–74–82, for the offense of Burglary in the Second Degree. His punishment was assessed at a term of two (2) years' imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

Since no issue has been raised relating to the sufficiency of the evidence, we do not deem it necessary to recite the evidence presented at the trial.

Defendant's sole assignment of error asserts that the trial court, after the jury began deliberating, communicated with the jury in violation of 22 O.S.1971, § 894. The record reveals that after the jury retired for deliberation the bailiff was called to the jury room and the jury stated that they had a question to ask the court. The bailiff related this message to the trial court. The court told the bailiff to please tell the jury to put their question in writing. The bailiff communicated this message to the jury. Shortly thereafter, without having put the question in writing, the jury returned a verdict. The defendant cites as authority, *Ladd v. State,* 89 Okl. Cr. 294, 207 P.2d 350 (1949) and *Green v. State,* Okl.Cr., 281 P.2d 200 (1955). Those cases construed 22 O.S., § 894, very strictly by holding that any communication between the court and jury during the jury's deliberations if not done in open court with all parties present was presumed prejudicial, and absent a showing by the State that defendant was not prejudiced constituted reversible error. However, this

Court, in the recent case of *Wilson v. State,* Okl.Cr., 534 P.2d 1325 (1975), stated:

"This Court holds that the better view is when a communication between judge and jury occurs, after the jury has retired for deliberation, a presumption of prejudice does arise but that such presumption may be rebutted in other ways in addition to the procedure mandated in *Green.* The presumption may be rebutted by proper and sufficient evidence at a Motion for New Trial, as specified in *Green,* and also such a presumption may be overcome if, on appeal, this Court is convinced that on the face of the record no prejudice to the defendant occurred.

"This, in essence, returns to the doctrine enunciated in *Walter v. State,* 29 Okl.Cr. 221, 233 P. 240 (1925), wherein this Court held that the harmless error doctrine might be applicable in certain particular fact situations. See also, *Robertson v. State,* 96 Okl.Cr. 132, 250 P.2d 62 (1952); *Selstrom v. State,* 7 Okl.Cr. 345, 123 P. 557 (1912); *Armstrong v. State,* 2 Okl.Cr. 567, 103 P. 658 (1903). *Selstrom v. State, supra,* which follows the *Ridley* [*Ridley v. State,* 5 Okl.Cr. 522, 115 P. 628] doctrine holds:

" ' . . . There are many instances where necessary separations may be held trivial and nonprejudicial, especially where the undisputed facts are sufficient to rebut the presumption of prejudice . . . .'

"*Armstrong,* which was decided before *Ridley,* states:

" 'While we must at all times guard the rights of the accused, we must not be so technical in procedure as to set aside fair and impartial trials upon mere shadows, thus bringing the administration of criminal justice into endless delay and public derision.'

"In certain circumstances it is not necessary to consider if the communication is reversible error or harmless error. In such circumstances no error occurs due to the fact that such a communication is not of the type the statute is intended to prohibit. For example, the bailiff communicates with the jury when he tells them to go to dinner; however, this is not a communication the statute intended to prohibit.

"In the instant case the court should have called the jury into open court to reply that the judge could not give further instructions and failure to do so resulted in a technical violation of the statute. However, this Court, after a complete review of the record before us, finds that no prejudice resulted in the technical violation of the statute and any error was harmless. Any cases in conflict with this decision are overruled."

In the instant case we find, as the trial court properly found, after calling the bailiff to testify at the Motion for New Trial, that the defendant was not prejudiced as a result of the alleged communication with the jury and received a fair and impartial trial.

Finding no error sufficient to warrant modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same hereby is, *affirmed.*

BRETT, P. J., and BLISS, J., concur.