Larry D. THOMAS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–598.

Court of Criminal Appeals of Oklahoma.

June 2, 1983.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan B. Agosta, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

Appellant, Larry D. Thomas, was charged, tried, and convicted in the District Court of Stephens County, Case No. CRF–80–255, of four (4) counts of Robbery with Firearms in violation of 21 O.S.1981, § 801. His punishment was fixed at fifteen (15) years' imprisonment on each count, said sentences to be served consecutively, and he appeals, raising two (2) assignments of error.

On October 31, 1980, two armed men wearing ski masks robbed Payne's Jewelry Store in Duncan, Oklahoma as well as three customers then in the store. Subsequently, witness Willie Mae Young was arrested when she attempted to use a credit card taken from one of the store's customer's during the robbery. Young later identified the appellant as one of the participants in the robbery.

On November 4, 1980, the appellant was stopped for speeding while travelling on Interstate 20 in Georgia. Thomas consented to a search of his vehicle, through which was discovered, among other items, two guns, two green ski masks, and a guantity of jewelry later identified as taken from the store and its customers during the October 31st robbery.

█ In his first assignment of error, appellant argues that the trial judge communicated improperly with the jury in direct violation of 22 O.S.1981, § 894. However, in *Boyd v. State,* 572 P.2d 276 (Okl.Cr.1977), this Court held that the error is harmless if the answer was reduced to writing in the presence of both counsel for the State and counsel for defense, at 280. We have before us affidavits of the prosecutor, defense counsel, and trial judge, all of which state that the prosecutor and defense counsel knew of the communication, and thereafter assisted in formulating the written supplementary instruction. Consequently, the rule in *Green v. State,* 281 P.2d 200 (Okl.Cr. 1955), upon which appellant relies, is not applicable here.

█ In his second assignment of error, appellant contends that the imposed punishment is excessive. We note that this claimed error was not preserved properly in appellant's motion for new trial. We find appellant's argument that a codefendant's sentence of five (5) years' probation clearly calls for a modification of his sentence to be without merit. *Lee v. State,* 637 P.2d 879 (Okl.Cr.1981). Moreover, as the sentence is within the statutory framework, we cannot say that under the facts and circumstances of this case, that said sentence shocks the conscience of the Court. *Wade v. State,* 556 P.2d 275 (Okl.Cr.1976).

For the above reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.