GARRETT BAILEY v. STATE.

No. A-8777. May 24, 1935.
Rehearing Denied June 7, 1935.
(47 Pac. [2d] 219.)

Kight, Johnson & Kight, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Rogers county of assault with a dangerous weapon and was sentenced to a term of two years in the state penitentiary.

At the time charged, defendant, with a woman companion and with one Pryor Couch, went from Tulsa to a rodeo on a farm near Claremore. They picked up an unidentified person on the way and took him with them. Considerable drinking, betting, and disorderly and boisterous conduct occurred there. A fist fight ensued in which complaining witness and defendant participated, and, as this subsided, defendant went to the car of his companion, took a shotgun from it, and fired three times, one or more shots taking effect and wounding Swimmer Baldridge. Defendant denies that he fired the shots, but claims they were fired by Pryor Couch while he was endeavoring to prevent him from shooting. The parties appear to have been more or less intoxicated. Some argument is made that the information is insufficient. Defendant filed a de-

murrer which was overruled, but he did not assign this as error in the motion for a new trial or the petition in error and thereby present the question to this court. Indulging all intendments and inferences, the information is sufficient.

Defendant next argues the evidence does not sustain the judgment. The rule is settled by many decisions of this court that where there is a conflict in the testimony or where different inferences may be drawn from it, its weight is for the jury and the judgment will not be interfered with unless there is no competent testimony to support it or unless it appears to have been influenced by passion or prejudice. There is a conflict, but there is ample testimony to warrant the jury in finding defendant guilty.

It is further argued the court erred in his remarks to the jury when the verdict was delayed. His remarks expressed his wish that they should reach a verdict. They were improper, but we are of the opinion that they did not injure defendant. McClendon v. State, 19 Okla. Cr. 382, 200 Pac. 464; Montgomery v. State, 19 Okla. Cr. 224, 119 Pac. 222.

Other assignments of error are argued but none are of sufficient importance to require special discussion.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.