## JOHN SELSTROM v. STATE.

No. A-1286.   Opinion Filed May 16, 1912.

(123 Pac. 557.)

1. **TRIAL—Procedure—Separation of Jury—Burden of Proof.** On proof of a violation of the provisions of Procedure Criminal (section 6858, Comp. Laws 1909), by permitting the jury to separate and converse with unauthorized persons after the case is finally submitted, the defendant is entitled to the presumption that such separation has been prejudicial to him, and the burden of proof is on the prosecution to show that no injury could have resulted therefrom to the defendant.

2. **TRIAL—Separation of Jury.** Where the bailiff calls a juror from the jury room after the case has been finally submitted to the jury, and the juror leaves the bailiff and goes into another room and converses with the sheriff, and his conduct and conversation during that time is unexplained, it is an abuse of discretion for the trial court to overrule the motion for a new trial.

(Syllabus by the Court.)

*Appeal from Superior Court, Logan County;*
*S. S. Lawrence, Judge.*

John Selstrom was convicted of having possession of intoxicating liquor with intent to sell the same, and was on the 27th day of May, 1911, sentenced in accordance with the verdict to serve a term of 30 days in the county jail and to pay a fine of $50, and to stand committed until the fine is satisfied according to law. From the judgment and an order overruling a motion for a new trial the defendant appeals. Reversed.

*McGuire & Smith,* for plaintiff in error.

DOYLE, J. The principal assignment of error alleges misconduct of the jury as set forth by the affidavit of G. C. Smith, the defendant's attorney, in support of the motion for a new trial,

in substance, as follows: That after the jury had retired for deliberation in charge of its bailiff, Levy McVay, one of the jurors named Green came out of the jury room into the courtroom, and walked across to the jury box where coats and hats were hanging, and there obtained from one of the coats something which affiant is unable to say; that at the time said juror was not in charge of a bailiff. Affiant further states that after said jury had deliberated for several hours the bailiff, Levy McVay, opened the door of the jury room and called F. M. Crow, the foreman, out of the jury room and made some remark to him, which affiant was unable to hear; that said juror then went into a room off from the court-room, and had a conference there with an unauthorized person; that the door between the bailiff and the juror F. M. Crow was closed at the time of said conference; that after a short interval the said F. M. Crow came back from said room and entered the jury room. That there is no closet or toilet in the room to which said F. M. Crow retired. The state called the bailiff, Levy Mc-Vay, as a controverting witness, and he testified that he was the bailiff in charge of the jury; that one of the jurors inquired about his hat and went back into the courtroom after it; that he was in his sight all the time.

The transcript of his further testimony is as follows:

"Q. Was there any of the other jurors left the jury room during that deliberation? A. There was a juror that was. The sheriff came up and said it was about time for dinner, and he said, 'Call the foreman out,' and he asked him if they had agreed, and he told him 'No,' and he let him go back in. I don't know what else was said, but they stayed in there until they brought in a verdict. They did not go to dinner. Q. Who was it he talked with. A. Mr. Crow. Q. Who did Crow talk with? A. The sheriff. Q. Did he talk with any one else? A. No, sir."

Cross-examination:

"Q. He went into that little room? A. Yes, sir. Q. The door was closed? A. Partially closed. Q. It was clear closed? A. I did not notice. It was not for but a moment."

The foreman of the jury, F. M. Crow, and the sheriff, were not called to testify. On the undisputed facts we are of opinion that the court erred in refusing to grant a new trial.

It is said in the case of *Bilton v. Territory,* 1 Okla. Cr. 566, 99 Pac. 163:

"In any criminal case it is error to permit the jury to separate after the case has been submitted to them, and before they have reached a verdict. The object intended to be gained by preventing the separation of the jury is to safeguard in every possible way the purity of the stream of justice, to prevent it from in any manner being polluted by influences other than that which are produced by the legal evidence and the law governing the case."

Section 6858 (Comp. Laws 1909) of our Procedure Criminal provides:

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, without food or drink, except bread and water, unless otherwise ordered by the court, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

Construing this section in the case of *Armstrong v. State,* 2 Okla. Cr. 567, 103 Pac. 658, 24 L. R. A. (N. S.) 776, it is said:

"It is our opinion that this section imperatively requires that, upon the final submission of the case to the jury, they cannot be permitted to separate, and if, after such submission, the jury separates, such separation vitiates the verdict, notwithstanding no affirmative proof of prejudice is offered. When this provision of the law is violated, the legal presumption is that it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

In the case of *Ridley v. State,* 5 Okla. Cr. 522, 115 Pac. 628, it is said:

"The question presented is whether such misconduct is sufficient to require the court to set the verdict aside and grant a new trial. It is of the utmost importance that jurors and court officials should be held to a strict observance of the provisions of law prescribing their procedure and duties, and their conduct should be such that no possible suspicion can attach to them of having acted in a manner prejudicial to the accused or in his

favor. If there was a disagreement between them, or if they were doubtful as to how they should proceed, they should have required the officer in charge to conduct them into court, and the necessary information would be given by the court in the presence of the parties. It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the action of the jury and clerk of the court in disregarding and failing to observe the requirements of the statute. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statute designed to preserve inviolate the right of trial by jury and the purity of jury trials."

Under the statute (section 6858, *supra*), the true rule is that upon proof of a violation of the provisions thereof, by permitting the jury to separate and converse with unauthorized persons after the final submission of the case and before a verdict, the defendant is entitled to the presumption that such misconduct has been prejudicial to him, and the burden of proof is on the prosecution to show that the defendant has suffered no injury by reason of such misconduct. There are many instances where necessary separations may be held trivial and nonprejudicial, especially where the undisputed facts are sufficient to rebut the presumption of prejudice, but that is not this case.

While the act of the juror Green returning to the jury room was harmless, the conduct of the foreman of the jury, the bailiff, and the sheriff, whether inadvertent or otherwise, was improper, and in violation of the statute and the instructions of the court, and the defendant was entitled to the benefit of the presumption that such misconduct was prejudicial to him. While these officers may have intended no wrong, and their improper acts were not prompted by evil intent, the prosecution only called the bailiff, and did not meet the burden by calling the others to testify in explanation of their misconduct.

For the reason stated, the trial court erred in overruling the motion for a new trial.

The judgment is therefore reversed and a new trial granted.

FURMAN, P. J., and ARMSTRONG, J., concur.