## WOODIE WATSON v. STATE.

No. A-1087.    Opinion Filed June 15, 1912.

(124 Pac. 329.)

1.  **JURY—Right to Trial by Jury.** It is the duty of courts to enforce a rigid and vigilant observance of the statutes designed to preserve inviolate the right of trial by jury.

2.  **TRIAL—Instructing Jury.** Under Comp. Laws 1909, sec. 6865, providing that after the jury have retired for deliberation, if they shall desire to be informed on a point of law, they must be conducted into the courtroom, and the information given in the presence of or after notice to the counsel for both parties, it is reversible error for the judge to follow the bailiff to the jury room, and there instruct the jury as to the effect of a verdict rendered by them; none of the counsel being present.

(Syllabus by the Court.)

*Appeal from District Court, Latimer County;
Malcolm E. Rosser, Judge.*

Woodie Watson was convicted of an assault with intent to rape, and his punishment was assessed at a fine of $500 and imprisonment in the county jail of Latimer county for one year, and he appeals. Reversed and remanded for new trial.

*Andrews & Day,* for appellant.

*Smith C. Matson* and *E. G. Spillman,* Asst. Attys. Gen., for the State.

FURMAN, P. J. The Attorney General has filed the following confession of error in this case:

"The information in this case charges the defendant with assault with intent to rape Vera McCarty on or about the 31st of July, 1910, in Latimer county, state of Oklahoma. Trial was duly had before the district court of said county, and defendant was found guilty. The cause was brought up to this court on appeal from the judgment and sentence of the district court. The evidence in the record clearly establishes the guilt of defendant, and it is with great reluctance that this office feels constrained to enter a confession of error. The record referred to is best shown by a verbatim statement of the trial judge incorporated in and made a part of the record: 'The jury retired about 4 o'clock on Saturday afternoon in charge of the bailiff and under instructions allowing them to return a sealed verdict and I returned home to spend Sunday at Poteau. I returned to Wilburton, arriving here about 7 o'clock and reached the courthouse about 8 o'clock p. m., and, on reaching the courthouse, the bailiff informed me that the jury wanted to see me as soon as I got here. I told the bailiff to ask the jury what they wanted. He returned, and stated to me that they wanted to know whether or not a term in the penitentiary would deprive a man of his citizenship. I told him to tell them it would, and I studied a minute, possibly two minutes or a minute and a half, and I followed the bailiff to the door of the jury room, and, standing within the door, told them that a sentence in the penitentiary would deprive a man of his citizenship. The next morning about 10 o'clock the jury brought in a verdict of guilty, fixing the punishment at a $500 fine and a year in jail. Neither the defendant nor his counsel were present, nor were they notified of

the communication of the court to the jury on Sunday afternoon as herein stated. It is also agreed here in open court that the above statement may be attached to the case-made and made a part of the record therein. Malcolm E. Rosser, District Judge.' The able and learned judge who tried the case realizes keenly the force and effect of his course, and, if it were necessary to explain any of his official acts, it might be said that this case illustrates the fallibility of the human mind, however gifted, when called upon to act suddenly in an emergency. Section 6865, Comp. Laws 1909, reads: 'After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed on a point of law, arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called.' See, also, section 6868 prohibiting communication by the jury with 'any person' except the bailiff and limiting such communication in his case. Our statutory and organic laws are framed to preserve the right of jury trial inviolate, and even though, as in this case, an unworthy defendant go unwhipt of justice, its provisions cannot be disregarded on that account. The evils arising from the invasion of a right extended to the accused by written and unwritten law would far outweigh any harm arising from temporary immunity given an undeserving person. These rights have been since Magna Charta the 'metwand' of all constitutions, the sedulous care and jealous concern of innumerable charters and Bills of Rights, and in this case voiced and emphasized by statutory declaration."

We have heretofore passed upon this question. In the case of *Ridley v State*, 5 Okla. Cr. 523, 115 Pac. 628, Judge Doyle, speaking for this court, said:

"The eleventh assignment alleges misconduct of the jury and clerk of the county court, as set forth by affidavits in support of the motion for a new trial, which are not controverted. It appears from said affidavits: That while the jury were deliberating upon their verdict some member of the jury knocked on the door of the jury room, and when it was opened a member of the jury spoke to T. B. Wilkinson, the clerk of the court, and said, 'Five of us agree. Do we have to sign it?' and said clerk answered, and said, 'The five that had agreed had to sign it.' That thereupon the door to said jury room was closed, and after

a short while the jury returned into court ·with a verdict signed by five jurors. Our statutes provide (section 6858, Snyder's St.) : 'After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officer must be sworn to keep them together in some private and convenient place, without food or drink, except bread and water, unless otherwise ordered by the court, and not to permit any person to speak to or communicate with them nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict and to return them into court when they have so agreed, or when ordered by the court.' And (section 6865, Snyder's St.) : 'After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed on a point of law, arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called.' The question presented is whether such misconduct is sufficient to require the court to set the verdict aside and grant a new trial. It is of the most importance that jurors and court officials should be held to a strict observance of the provisions of law prescribing their procedure and duties, and their conduct should be such that no possible suspicion can attach to them of having acted in a manner prejudicial to the accused, or in his favor. If there was a disagreement between them, or if they were doubtful as to how they should proceed,· they should have required the officer in charge to conduct them into court, and the necessary information would be given by the court in the presence of the parties. It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the action of the jury and clerk of the court in disregarding and failing to observe the requirements of the statute. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials. We deem it unnecessary to consider the other assignments. For the reason herein set forth, the judgment will be reversed, and the cause remanded to the county court of Stephens county."

We think that the confession of error filed by the Attorney General should be sustained. This case illustrates the fact that the wisest and best judge, when acting on the spur of the moment

during a trial, sometimes makes a mistake. The judgment of the lower court is reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.