## J. W. GOINS v. STATE.

No. A-1468. Opinion Filed March 13, 1913.

(130 Pac. 513.)

1. TRIAL—Separation of Jury. On proof of a violation of the provisions of Procedure Criminal (section 6858, Comp. Laws 1909, Rev. Laws 5906), by permitting the jury to separate 'after the case is finally submitted, the defendant is entitled to the presumption that such separation has been prejudicial to him, and the burden of proof is on the prosecution to show that no injury could have resulted therefrom to the defendant.

2. NEW TRIAL—Separation of Jury. Where a bailiff in charge of a jury, after the case has been finally submitted, permits a juror to leave the jury room and go out upon the streets, and such juror's conduct during his absence is unexplained, the trial court should sustain the motion for a new trial.

(Syllabus by the Court.)

*Appeal from Payne County Court;*
*P. D. Mitchell, Judge.*

J. W. Goins was convicted of violating the prohibitory law, and appeals. Reversed.

See, also, 6 Okla. Cr. 704, 119 Pac. 1130.

*J. M. Springer,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *C. J. Davenport,* for the State.

DOYLE, J. Plaintiff in error was convicted of having possession of intoxicating liquors with intent to sell the same, and was sentenced, in accordance with the verdict, to serve a term of 30 days in the county jail and pay a fine of $50.

The judgment and sentence was entered on July 24, 1911. To reverse the judgment, an appeal was perfected by filing in this court, on November 4th, a petition in error with case-made

Of the numerous assignments of error relied on for a reversal of the judgment, it is only necessary to consider the one:

"'That the jury were allowed to separate, without leave of court, after they had retired to and during the time they were deliberating upon their verdict, and before said verdict had been agreed upon by the jury."

In the motion for new trial, this was assigned as one of the grounds and was supported by two affidavits, to the effect that one of the jurors, O. P. Furman, was permitted to leave the jury room, and went out on the streets of Stillwater and bought bananas, which he brought back to the rest of the jury. This occurred about half past 10 o'clock at night. This fact is not disputed by the state, and no explanation is offered. We are of the opinion that the motion for a new trial should have been allowed.

Section 6858, (Rev. Laws, 5906), Procedure Criminal, provides:

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, without food or drink, except bread and water, unless otherwise ordered by the court, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

This statute has been construed in the following cases: *Bilton v. Territory,* 1 Okla. Cr. 566, 99 Pac. 163; *Armstrong v. State,* 2 Okla. Cr. 567, 103 Pac. 658, 24 L. R. A. (N. S.) 776; *Ridley v. State,* 5 Okla. Cr. 522, 115 Pac. 628; *Selstrom v. State,* 7 Okla. Cr. 345, 123 Pac. 557.

In *Armstrong v. State, supra,* it is said:

"It is our opinion that this section imperatively requires that, upon the final submission of the case to the jury, they cannot be permitted to separate, and if, after such submission, the jury separates, such separation vitiates the verdict, notwithstanding no affirmative proof of prejudice is offered. When this provision of the law is violated, the legal presumption is

that it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

In *Selstrom v. State, supra,* it is said:

"Under the statute (section 6858, supra), the true rule is that upon proof of a violation of the provisions thereof, by permitting the jury to separate and converse with unauthorized persons after the final submission of the case and before a verdict, the defendant is entitled to the presumption that such misconduct has been prejudicial to him; and the burden of proof is on the prosecution to show that the defendant has suffered no injury by reason of such misconduct. There are many instances where necessary separations may be held trivial and nonprejudicial, especially where the undisputed facts are sufficient to rebut the presumption of prejudice; but that is not this case. While the act of the juror Green returning to the jury room was harmless, the conduct of the foreman of the jury, the bailiff, and the sheriff, whether inadvertent or otherwise, was improper and in violation of the statute, and the instructions of the court, and the defendant was entitled to the benefit of the presumption that such misconduct was prejudicial to him. While these officers may have intended no wrong, and their improper acts were not prompted by evil intent, the prosecution only called the bailiff, and did not meet the burden by calling the others to testify in explanation of their misconduct."

It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the misconduct of the bailiff in permitting the separation of the jury in disregard of the requirements of the statute. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statute designed to preserve the purity of jury trials.

For the reasons stated, the trial court erred in overruling the motion for a new trial. The judgment is therefore reversed.

ARMSTRONG, P. J., and FURMAN, J., concur.