# NEWT CROW v. STATE.

No. A-6268.  Opinion Filed Feb. 8, 1928.
(263 Pac. 677.)

Madden & Hubbell, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  On information charging that in Cotton county, March 8, 1926, Newt Crow did willfully and unlawfully "manufacture a certain compound mixture, mash, wort and wash, fit for distillation and for the manufacture of beer, distilled spirits and other alcoholic liquors," he was convicted, the jury leaving the punishment to be fixed by the court.  Motion for new trial was duly filed and overruled, whereupon the court pronounced judgment and sentenced the defendant to pay a fine of $50 and to imprisonment in the county jail for 30 days.  To reverse the judgment he appeals.

A number of errors are assigned and argued, but

one of which it is deemed necessary to notice, and that is that the court erred in permitting the jury to separate after the case had been finally submitted to them.

The record discloses that the defendant, a man 80 years of age, lived in the town of Temple for 15 years; that the city marshal, accompanied by another man, visited his home and told him that he wanted to search the place, and defendant told him he had a keg of soft beer there and invited him to search the place; that the keg contained a mixture of water, corn meal, and sugar. The officer testified that he took a sample and turned it over to the sheriff, but it had not been tested; that from his experience he knew that this mixture if it would sit for a while would produce alcohol.

There was a motion for a directed verdict of acquittal, which was overruled.

The defendant testified that he had lived in the community 15 years, never drank intoxicating liquors, never was arrested or convicted of any offense, made the beer from sugar, meal, and water, and that the mixture was not intoxicating. that he did not mix it for the purpose of manufacturing intoxicating liquors, did not believe that he had done anything wrong, and did not object to the officer searching his home.

Three or four witnesses testified to drinking some of the defendant's beer on several occasions, and each stated that he felt no effects from it whatever, and it was not intoxicating.

There was testimony showing the good character of the defendant, and that his reputation in that community for being an honest, upright, and law-abiding citizen was always good.

The record shows the settling and signing of the following bill of exceptions:

"In this case the jury returned to consider of their verdict, just before the noon hour on April 21, 1926, and had not reached a verdict at 6 o'clock on the afternoon of the 21st at the time court adjourned. Just before adjournment of the court, the jury was brought in and asked if they had been able to reach a verdict, and they informed the court that they had not and expressed some doubt as to their being able to do so. Thereupon the trial judge said to the jury in substance as follows: 'I am going to let you gentlemen separate and go to your homes and report back in the morning at 9 o'clock, convene, and go to your jury room and try again to reach a verdict. The court is going to permit you to separate and go to your respective homes, if you desire, for the night, and you will observe the instructions heretofore given you not to converse with anybody about this case, and not let any one talk to you about it. Now you may go, gentlemen, and return tomorrow morning at nine o'clock.'

"This all took place in the presence of Walter Hubbell, the defendant's attorney, who objected to the court's action in permitting the jury to separate for the night and until 9 o'clock the following day, and the court duly allowed the exceptions. The jury convened on the following morning, and about noon on said day, to wit, April 22, returned a verdict of guilty, leaving the punishment to be fixed by the court.

"Lon Morris, County Judge."

One of the grounds for a new trial is based upon the foregoing bill of exceptions. The state offered no proof to show that the defendant was not prejudiced by such separation of the jury after the case had been finally submitted to them.

Our Code of Criminal Procedure provides (section 2723, C. S. 1921):

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and

convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

This court, construing this provision in Selstrom v. State, 7 Okla. Cr. 345, 123 P. 557, says:

"Under the statute [section 2723, supra], the true rule is that upon proof of a violation of the provisions thereof, by permitting the jury to separate and converse with unauthorized persons after the final submission of the case and before a verdict, the defendant is entitled to the presumption that such misconduct has been prejudicial to him, and the burden of proof is on the prosecution to show that the defendant has suffered no injury by reason of such misconduct. There are many instances where necessary separations may be held trivial and nonprejudicial, especially where the undisputed facts are sufficient to rebut the presumption of prejudice, but that is not this case."

Construing this section in the case of Armstrong v. State, 2 Okla. Cr. 567, 103 P. 658, 24 L. R. A. (N. S.) 776, it is said:

"It is our opinion that this section imperatively requires that, upon the final submission of the cause to the jury, they cannot be permitted to separate, and if, after such submission, the jury separates, such separation vitiates the verdict, notwithstanding no affirmative proof of prejudice is offered. When this provision of the law is violated, the legal presumption is that it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

Upon consideration of all the evidence in the case, tested by the rule that it must appear that the defendant committed acts which are clearly made an offense by the statute we are inclined to think that the evidence is not sufficient to support a conviction.

For the reasons stated, the judgment is reversed, with direction to the court below to dismiss the case.

EDWARDS and DAVENPORT, JJ., concur.