## SAM SEALY et al. v. STATE.

No. A-9006.   April 10, 1936.
(56 Pac. [2d] 903.)

C. T. Huddleston and Date Crawford, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiffs in error, hereinafter referred to as the defendants, were tried and convicted upon a charge of grand larceny of one white steer, the personal property of L. A. Shepeard, and each was sentenced to serve a term of two years in the penitentiary.

The record in this case is very short.   After the conviction the defendants filed a motion for a new trial, which motion was argued, considered, and overruled, and defendants duly excepted.   The only error that it is necessary for this court to consider is the third assignment,

which is as follows: "The said court erred in permitting the jury, after the case has been submitted to them to separate and go home and stay all night, without consent and over the objections of the said plaintiffs in error, and one of the jurors talked about the merits of the case, during said time while said jury was so separated, which was prejudicial to the rights of these plaintiffs in error."

This question has been before this court so often that it seems needless to cite authorities. The Attorney General in his brief, after citing the fact that the jury was permitted to separate, over the objections of the defendants, after the case was finally submitted to it for a verdict, and before the verdict was returned, makes the following confession:

"The Attorney General is of the opinion that under the former decisions of this court he is impelled to confess error in this case because of the separation of the jury after the case was submitted to the jury for deliberation upon a verdict. It seems to be immaterial as to whether objection is made or exceptions taken to such a separation, as under the opinions of this court it is held that the statute prohibits a separation after the cause is submitted and proof of any such separation alone is presumptive evidence of prejudice to the defendant and the burden is upon the state where a separation is shown under such circumstances to show that although this statute was violated no prejudice occurred to the defendant. In this case the state made no effort to make such a showing and the fact of separation is admitted." Crow v. State, 39 Okla. Cr. 145, 263 Pac. 677; Chance v. State, 5 Okla. Cr. 194, 113 Pac. 996; Selstrom v. State, 7 Okla. Cr. 345, 123 Pac. 557; Goins v. State, 9 Okla. Cr. 35, 130 Pac. 513; Bilton v. Territory, 1 Okla. Cr. 566, 99 Pac. 163.

Following the foregoing line of decisions cited, which opinions were rendered long before the trial of this case, it was certainly the duty of the trial judge in the first

instance, not to permit a separation of the jury after the case had been submitted to it; and after the separation was permitted, the counsel for the defendants were contending for a new trial on the ground, in view of the decisions of this court, the trial court should have required the state to make an affirmative showing that no prejudice occurred, or else granted a new trial.

This court feels that it is its duty to adhere to the former rulings of this court, and approve the confession of error suggested by the Attorney General.

. For the error herein stated, and discussed, the judgment is reversed and remanded.

EDWARDS, P. J., and DOYLE, J., concur.