Wesley J. **FORD**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–12580.

Criminal Court of Appeals of Oklahoma.

Sept. 17, 1958.

Wilson Wallace, Alvin C. Bruce, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Wesley J. Ford, defendant below, was charged by information in the District Court of Carter County, Oklahoma, with the crime of murder; allegedly committed on November 18, 1955.

Two trials have been had on the charge, the first resulting in a mistrial. Several continuances were had in the matter because of the ill health of the accused. On the second trial, the jury returned its verdict on September 14, 1957, finding the defendant guilty of manslaughter in the first degree and fixing his punishment at four years in the penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant raises two propositions herein. First, he contends the court erred in permitting the jury to separate after the case had been submitted to them for deliberation, and after they had retired to the jury room to consider their verdict. Second, he contends the court erred in talking with the jury, or members thereof, after the jury had retired to the jury room to deliberate, and out of the presence of counsel for either the plaintiff or the defendant and outside of the courtroom.

On the first proposition, the record conclusively shows that the jury was permitted to separate during their deliberations. They were using the County Court Room in their deliberations and the male members were permitted to proceed unaccompanied across a public corridor into the District Court Room and thence west into the District Judge's chambers to the rest room. Members of the public were in both the corridor and in the courtroom. On one occasion, the county attorney was in the judge's chambers making a telephone call. The record discloses he was there in the presence of the jury members for five or ten minutes. The female members were permitted to leave the jury room, or County Court Room, cross the public corridor, enter the District Court Room and go east to the Court Reporter's office and a rest room, all subject to contact with the public. The record shows they were not accompanied by a bailiff on these trips. The state offered no evidence to controvert the foregoing facts.

This situation is governed by 22 O.S. 1951 § 857, which reads:

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor to do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

The case of Sealy v. State, 59 Okl.Cr. 104, 56 P.2d 903, holds:

"It is the duty of the courts to enforce a strict observance of the provisions of the Constitution and statutes designed to preserve inviolate the trial by jury, and the purity of jury trials.

"On proof of a violation of the provisions of the Code of Criminal Procedure (section 3081, O.S.1931) (22 O.S.1951 § 857) by permitting the jury to separate after the case has been finally submitted to them, the defendant is entitled to the presumption that such separation has been prejudicial to him, and the burden of proof is on the prosecution to show that no injury could have resulted therefrom to the defendant."

The earliest case on this question in Oklahoma is Bilton v. Territory, 1 Okl.Cr. 566, 99 P. 163, wherein this Court said in syllabus 1:

"* * * this section (22 O.S.1951 § 857) imperatively requires that upon the *final submission* of the case to the jury, they cannot be permitted to separate, and if permitted to separate, such separation vitiates the verdict, notwithstanding no affirmative evidence of prejudice is offered." (Emphasis supplied.)

This Court has many times held that separation of the jury under such conditions as are herewith presented is reversible error. Selstrom v. State, 7 Okl.Cr. 345, 123

P. 557; Goins v. State, 9 Okl.Cr. 35, 130 P. 513; Crow v. State, 39 Okl.Cr. 145, 263 P. 677; Wilcox v. State, 69 Okl.Cr. 1, 99 P.2d 531; Dutton v. State, 75 Okl.Cr. 375, 131 P.2d 777; Lowrey v. State, 87 Okl.Cr. 313, 197 P.2d 637; Green v. State, Okl.Cr., 319 P.2d 321.

The defendant's second contention is based upon the proposition that the bailiff called the judge to the jury room door, where the judge had a conversation with the jury foreman relative to a matter of procedure, also in violation of 22 O.S. 1951 § 857, supra. He contends this conduct further violated the provisions of 22 O.S.1951 § 894, reading:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

Counsel for neither the state nor the defendant were present during this procedure. The defendant's contention is supported by ample evidence and the state offered nothing to the contrary except the judge's statement as to the conversation. This question has been passed upon many times. In the early case of Ridley v. State, 5 Okl.Cr. 522, 115 P. 628, 630, it was said:

"If there was a disagreement between them, or if they were doubtful as to how they should proceed, they should have required the officer in charge to conduct them into court, and the necessary information would be given by the court in the presence of the parties. It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the action of the jury and clerk of the court in disregarding and failing to observe the re-

quirements of the statute. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes designed to preserve inviolate the right of trial by jury and the purity of jury trials."

Watson v. State, 7 Okl.Cr. 508, 124 P. 329; Selstrom v. State, supra; Thomas v. State, 13 Okl.Cr. 414, 164 P. 995; Walter v. State, 29 Okl.Cr. 221, 233 P. 240; Grable v. State, 60 Okl.Cr. 339, 44 P.2d 152; Raab v. State, 62 Okl.Cr. 361, 71 P.2d 773; Lewis v. State, 73 Okl.Cr. 172, 119 P.2d 91, 96. In the latter case, the conversation between the court and the jury was in regard to the matter of going to lunch, as was the conversation herein. Therein, it was pointed out the matter of the conversation between the judge and jury was immaterial. The fact of the talk between them was sufficient breach to raise the presumption of prejudice. In answer to the proposition the judge had said nothing prejudicial, the Court quoted from State v. Wroth, 15 Wash. 621, 47 P. 106, as follows:

"But the law does not subject parties litigant to the disadvantages of being required to accept the statement of even the judge as to what occurred between himself and the jury at a place where the judge has no right to be, and where litigants cannot be required to attend. It is the lawful right of a party to have his cause tried in open court, with opportunity to be present and heard in respect to everything transacted. It is his right to be present and attended by counsel whenever it is found necessary or desirable for the court to communicate with the jury, and he is not required to depend upon the memory or sense of fairness of the judge as to what occurs between the judge and jury at any time or place when he has no lawful right to be present."

See also Lowrey v. State, supra, citing the Wroth case. In Ladd v. State, 89 Okl.Cr. 294, 207 P.2d 350, 351, this Court held:

"Where the trial judge communicates with the jury, outside of the courtroom, in the absence of defendant or his counsel, such conduct is presumed to be prejudicial to the defendant, and the burden is upon the state to show that the defendant was not prejudiced by reason of such misconduct."

The presumption of prejudice, as has already been stated, cannot be overcome by the judge's statement. The reason for this is that he becomes a partisan, when he violates the foregoing statute and converses with the jury outside the courtroom and not in the presence of counsel and the accused. He may be expected from the standpoint of human nature to bolster his position. Hence, the presumption cannot be overcome by his testimony alone. The state showed nothing else to overcome the presumption of prejudice.

The record clearly supports the defendant's contention of reversible error on both propositions. For the foregoing reasons, the judgment and sentence is reversed and the cause remanded for a new trial.

POWELL and NIX, JJ., concur.