Scott TERRY, Petitioner,

v.

The Honorable J. Michael GASSETT, Special Judge of the Tulsa County District Court, and Dina Lynett Terry, Respondents.

No. 68452.

Supreme Court of Oklahoma.

July 7, 1987.

---

**9.** Okla. Const. Art. 9, § 19; *Monson v. State ex rel. Okl. Corp. Com'n.*, 673 P.2d 839, 842 (Okla. 1983).

Michael James King, Garrison & King, P.A., Tulsa, for petitioner.

James W. Keeley, Musseman, Pratt & Keeley, Tulsa, for respondent, Dina Lynett Terry.

SUMMERS, Justice.

Husband was the subject of contempt proceedings for failure to pay child support. At arraignment, he requested jury trial. The trial court placed it on the jury docket and as required by 21 O.S.1981 § 567 set an appearance bond (of $500.00) with time to post. Husband was not able to post. He then appeared before the trial judge, waived jury trial, and no bond was required. The application and petition filed in this original action reads in part:

"The Court informed Mr. Terry that if he continued to request a jury trial he would be incarcerated until the trial date unless he posted a bond. However, if the petitioner would drop his demand for jury trial, there would be no bond required. As a result, the defendant waived his right to jury trial and th[e] Court set the case for hearing...."

Oklahoma by Constitution and statute provides for a jury trial in cases of indirect contempt. Okla. Const. Art. 2, § 25 states in part:

[A]ny person accused of violating or disobeying, when not in the presence or hearing of the Court, or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the state shall, before penalty or punishment is imposed be entitled to a jury trial as to the guilt or innocence of the accused."

21 O.S.1981 § 567 states:

In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have reasonable time for defense; and the party so charged shall, upon demand, have a jury trial.

In the event the party so charged shall demand a jury trial, the court shall thereupon set the case for trial at the next jury term of said Court, and so fix the amount of an appearance bond to be posted by said party charged....

Husband argues that the statutory directive requiring an appearance bond in such cases only upon a request for trial by jury amounts to "legislative and judicial arm twisting". Further, that an appearance bond is just what it suggests, its purpose being to assure presence at time of trial, citing *Gibson v. State*, 655 P.2d 1028 (Okl.1982). He urges that to condition the requirement of an appearance bond on the exercise of the right to trial by jury corrupts the real purpose of that bond.

"Bail, or the granting of bail, is nothing more than a means of procuring the release of one charged with an offense, by insuring his future attendance in court, and compelling him to remain within the jurisdiction of the court." *Manning v. State ex rel. Williams*, 190 Okl. 65, 120 P.2d 980, 981 (1942).

He urges that under 21 O.S.1981 § 567, the statute providing for the bond, the focus of the bond is no longer to assure that the accused will appear, but rather the focus is whether or not there was the exercise by the accused of the fundamental right to trial by jury. As interpreted by the trial court, if the right to trial by jury is exercised an appearance bond is required; if not no bond is required.

Husband further argues that the requirement of appearance bond in indirect contempt cases only wherein a jury trial is requested under § 567 is a violation of the equal protection clause under both the Oklahoma and federal constitutions. He points out that there is no rational connection between the requirement of a bond for appearance at trial and whether the fact finder in the trial is to be a judge or a jury. Husband urges that such language is unreasonable and arbitrary resulting in the unequal treatment prohibited by the Federal Constitution. *Frost v. Corporation Commission of State of Oklahoma*, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483 (1929). Further, when a discriminatory classification affects a fundamental right the Court must examine the practice with strict judicial scrutiny, citing *San Antonio School Dist. v. Rodriquez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

Respondent/wife defends the constitutional validity of § 567, arguing that respondent/judge has simply complied with the statute which must be presumed to be

constitutional, and that husband's waiver of the jury trial was voluntary, regardless of the reason. She also urges that there has been no effort to comply with 12 O.S. 1981 § 1653, which requires service of process on the Attorney General in proceedings where a statute is alleged to be unconstitutional. We note that that section, however, applies only to actions for declaratory judgments, and is not invoked in this case.

The Fourteenth Amendment and the Oklahoma Constitution do not require that equal protection be measured by exact equality of classification[1] or identity of treatment. Classifications of invidious discrimination which are arbitrary, irrational and not reasonably related to a legitimate state purpose are forbidden.[2] Discrimination is a failure to treat all persons equally where no reasonable distinction can be found between those favored and those unfavored. Equal protection based on classifications requires that the classification rest on real and not feigned differences; that the distinction have some relevance to the purpose for which the classification is made; and that the different treatments are not so disparate relative to the difference in classification as to be completely arbitrary.[3]

In *Thayer v. Phillips Petroleum Co.,* 613 P.2d 1041, 1044 (Okl.1980) we stated the tests to be used to review legislative classification in cases involving the equal protection clause:

"There are two standard tests used to review legislative classification in cases involving the equal protection clause. The first is the basic and conventional standard for reviewing discrimination or differentiation of treatment between classes of individuals. It manifests restraint by the judiciary in relation to the discretionary act of the legislature and invests legislation involving differentiated treatment with a presumption of con-

stitutionality. This standard requires merely that distinctions drawn by a challenged statute bears some rational relationship to a conceivable legitimate state purpose. Under this rationale if a classification does not permit one to exercise the privilege while refusing it to another of like qualification, under similar conditions and circumstances, it is unobjectionable. The classification must be neither arbitrary nor capricious and must bear a rational relationship to the object sought to be accomplished. Classification is constitutional if there is a reasonable classification and reasonable opportunity for uniform or equal incidence on the class created.... The burden of demonstrating the invalidity of classification under the traditional standards rests squarely on the party who assails it.

A more stringent test is applied, however, in cases involving suspect classifications which touch on fundamental interests. In these instances, the United States Supreme Court has adopted an attitude of active and critical analysis which subjects the classification to strict scrutiny. Under the strict standard applied in such cases, the state bears the burden of establishing, not only that it has a compelling interest which justifies the law, but that the distinctions drawn by the law are necessary to further its purpose."

Husband asserts that the right to jury trial as provided under Okla. Const. Art. 2, § 25 and 21 O.S.1981 § 567 is a fundamental right. If he is correct this Court must examine the practice attacked under these sections with strict judicial scrutiny. *San Antonio School District v. Rodriquez,* supra; *Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

In *Seymour v. Swart,* 695 P.2d 509, 511–512 (Okl.1985) we stated:

1. *Norvell v. Illinois,* 373 U.S. 420, 423, 83 S.Ct. 1366, 1368, 10 L.Ed.2d 456 (1963).

2. *McLaughlin v. Florida,* 379 U.S. 184, 191, 85 S.Ct. 283, 287, 13 L.Ed.2d 222 (1964); *Ferguson v. Skrupa,* 372 U.S. 726, 732, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93 (1963).

3. *Walters v. City of St. Louis,* 347 U.S. 231, 237, 74 S.Ct. 505, 509, 98 L.Ed. 660 (1954); *Kirk v. Bd. of Co. Comm'rs.,* 595 P.2d 1334, 1337 (Okl. 1979).

"Except as modified by the Oklahoma Constitution, the right to trial by jury remains inviolate. This right, which is guaranteed by the United States Constitution, follows the common law rule prevailing at the time of the adoption of the Oklahoma Constitution and of the admission of Oklahoma to the Union. At common law, a party could not be deprived of the right to trial by jury except by expressly waiving that right. When the Constitution provides that the right of trial by jury shall be inviolate, legislation must be construed strictly and observed vigilanty in favor of the right.[4]

■ Every limitation or incidental burden on the exercise of the right to trial by jury is subject to a stringent standard of review. If the trial court's interpretation of § 567 might restrain the exercise of the right to trial by jury it must be strictly construed. *Rodriquez,* supra; *Harper v. Virginia Board of Elections,* 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966).

Certainly when strict standards are applied to husband's construction of § 567 and the construction apparently shared by the trial court, we find no compelling interest nor necessity of purpose for requiring a bond, if and only if, the right to jury trial is exercised. However, this construction of § 567 is not the only one available to us. This court has consistently maintained that when the statute in question lends itself to two differing constructions, one of which would render the statute unconstitutional, this court would adopt the construction which upholds the statute unless the repugnancy to the constitution is shown beyond a reasonable doubt. *Okla. St. Election Bd. v. Coats,* 610 P.2d 776, 780 (Okl.1980); *City of Norman v. Liddell,* 596 P.2d 879 (Okl. 1979) and *Bond v. Phelps,* 200 Okl. 70, 191 P.2d 938 (1948).

The portion of § 567 that is in question states:

In the event the party so charged shall demand a jury trial, the court shall thereupon set the case for trial at the next jury term of said Court, and so fix the amount of an appearance bond to be posted by said party charged. . . .

■ Our construction of this portion of § 567, which is consistent with the Okla. Const., Art. 2, § 25, is that the requirement that the court "so fix the amount of an appearance bond" is nothing more than a reaffirmation of a defendant's right to bail under the Okla. Const. Art. 2, § 8 allowance for jury trial. The basis for that provision is that in no instance is a party to be imprisoned without bail after making demand for jury trial.

■ This construction in no way infers that the court lacks the necessary authority to fix the amount of an appearance bond when jury trial is waived. Okla. Const. Art. 2, § 8 states:

Right to Bail

All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great.

If all persons have the right to bail except those excluded in the above constitutional provision then it must follow that the court has the necessary authority to set that bail. The courts of common law have power to admit to bail and they possess it independently of statute. In *Rey v. Spilsbury,* 2 Q.B. Div. 615 (1893) Lord Chief Justice Russell declared: "This court has, independently of statute, by the common law, jurisdiction to admit to bail." See also *United States Ex Rel. Carapa v. Curran,* 297 F. 946, 833 (2nd Cir.1924); 36 A.L.R. 877. This court held in *In re: Thomas,* 93 P. 980, 981 (Okl.1908): "If the offense is not shown by evident proof or great presumption to be one for the commission of which the law inflicts capital punishment, bail is not a matter of mere discretion with the court, but of right to the prisoner," quoting from *Ex parte Bryant,* 34 Ala. 270 (1859). A trial court has authority, independent of statute, to set bail in cases within the purview of § 567 wherein the right to trial by jury is waived.

---

4. *Jackson v. General Finance Corp.,* 208 Okl. 44, 253 P.2d 166, 168 (1953); *Ford v. State,* 330 P.2d 214–15 (Okl.Cr.1958); *Crow v. State,* 39 Okl.Cr. 145, 263 P. 677–78 (1928).

We find therefore that a construction of § 567 which is consistent with Okla. Const. Art. II, § 8 is that a person cannot be held for failure to make bail simply *because* he requested a jury trial. It is to be construed, not just that a defendant demanding jury trial shall be held for want of bail, but to confirm the right to be released on bail when the trial is not held forthwith, whether or not jury trial is requested. If the trial court's interpretation of § 567 was as we perceived it, then not only would that be an unconstitutional interpretation of the statute, but would (and does) compel our conclusion that the waiver of this defendant's right to jury trial in this case was involuntary. Waiver is defined as the voluntary and intentional relinquishment of a known right. *Seymour,* supra; *Crowell v. The Thoreau Center, Partnership,* 631 P.2d 751–52 (Okl.1981). Here, husband was informed that if he continued to request a jury trial he would be incarcerated until the trial date unless he posted a bond, but that if he would drop his demand for jury trial no bond would be required. Having found the trial court's construction and application of the statute to be unconstitutional as a denial of equal protection and therefore erroneous, we must hold the husband's waiver of jury trial to have been involuntary.

Original jurisdiction is assumed. Husband's waiver of jury trial is set aside. Trial court shall inquire as to whether defendant husband prefers jury or nonjury trial, and shall, in its discretion, set bond for husband's appearance at such trial, or make such other arrangement to secure his appearance as may in such cases be permitted. Trial court shall not condition its decision to set bail or release on recognizance upon defendant's election to demand or waive trial by jury.

DOOLIN, C.J., and HODGES, LAVENDER, OPALA and KAUGER, JJ., concur.

HARGRAVE, V.C.J., and SIMMS, J., dissent.

SIMMS, Justice, dissenting:

While I agree with the majority's construction of 21 O.S.1987 § 567, I would not assume original jurisdiction of this matter as it is not in proper posture for consideration on writ of prohibition.

Petitioner could have demanded a jury trial and upon the trial court's refusal, he could then have sought extraordinary relief or writ of habeas corpus, but he did not. Instead he waived his jury trial. Now he is before us seeking to compel the trial court to give him the jury trial he waived. The awkward and inappropriate present posture of this matter for decision by prohibition is evidenced by the majority's disposition. It gratuitously sets aside the waiver and directs the trial court to inquire of petitioner as to his preference for jury or nonjury trial and to proceed from there. This is obviously not an order issued to prevent an inferior court from usurping or exercising unauthorized jurisdiction such as contemplated by our cases. See, e.g., *Nieman & Northcutt v. Mains,* 188 Okl. 207, 107 P.2d 1022 (1941).

Also, petitioner could now preserve this issue for appeal and present it by way of that usual remedy. The matter is not properly before us on prohibition and our decision here is no more than an advisory opinion.