**Wiley C. LANDERS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12112.**

Criminal Court of Appeals of Oklahoma.

March 9, 1955.

Sam J. Goodwin, Pauls Valley, Herbert Hope, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Wiley C. Landers, defendant below, was charged, by information, in the District Court of Garvin County, Oklahoma, with the crime of burglary in the second degree, T. 21, § 1435, O.S. 1951, and as a subsequent offender, T. 21, § 51, O.S.1951, after prior convictions. It

was more particularly alleged that on or about December 24, 1953, the defendant in the nighttime broke into the I. R. Tolbert Insurance Agency, and committed therein the crime of larceny, by stealing and carrying away certain items of personal property, to-wit: a $15 fountain pen; a movie camera of the value of $137; and a typewriter of the value of $75. The information further alleged prior convictions of two other crimes. The defendant was tried by a jury, convicted, the jury being unable to agree on the punishment, left the penalty to a trial judge, who fixed his punishment at 45 years in the Penitentiary. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

The defendant urges several propositions for reversal of this conviction. We have made a careful study of said propositions in light of controlling authorities and are of the opinion that said contentions are without merit.

Finally the defendant contends that it was error to place one of the jurors, Fletcher Willis, with one Gus Ford, a deputy sheriff and the night jailer, for the purpose of providing sleeping quarters for the said Fletcher Willis, in the juvenile ward of the county jail, and not to have kept the juror in the custody of the bailiff.

It appears that Fletcher Willis was a Negro juror. The trial court determined to keep the jury together the night of February 8, 1954. Because of Fletcher Willis' color he was separated from the other jurors and was placed in custody of Gus Ford, a deputy sheriff and night jailer on the night of February 8, 1954, awaiting further deliberations of the jury on the morning of the 9th of February, 1954. It appears Ford arranged for Fletcher Willis to sleep in the juvenile cell of the jail; it further appears during the night that this juror was not in custody and *watch* care of the bailiff who was sworn to keep the jurors together and in his sight and custody, T. 22, § 851, O.S.1951. But here we have Fletcher Willis under the *watch* care and custody of an unauthorized person and separated from any of the other members of the jury.

The balance of the jury was composed of white men and women who were presumably kept together in separate accommodations under the custody of two bailiffs, a man and a woman.

Under the provisions of T. 22, § 857, O.S.1951, reading in part as follows:

"One or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, * * *."

In Bilton v. Territory, 1 Okl.Cr. 566, 99 P. 163, 165, it was held:

"In any criminal case it is error to permit the jury to separate after the case has been submitted to them, and before they have reached a verdict. The object intended to be gained by preventing the separation of the jury is to safeguard in every possible way the purity of the stream of justice; to prevent it from in any manner being polluted by influences other than that which are produced by the legal evidence and the law governing the case. * * * Preventing the separation of the jury offers the best means to prevent undue and unlawful influences. To keep the jury from separating may at times be difficult of accomplishment, but the trial court should make proper provision therefor, and the rule against the separation of jurors in capital cases should in no manner be relaxed."

In this connection it has been said that a division of jurors for sleeping purposes, under the sight of an officer, is within the law. See Lemke v. State, 56 Okl.Cr. 1, 32 P.2d 331-334, and cases therein cited. Welborn v. State, 70 Okl.Cr. 97, 105 P.2d 187, 191, wherein this court quoted the rule with approval from 16 C.J., Page 1077, § 2530, as follows:

" 'While the separation of the jury is defined to be the departure of one or more jurors from their fellows, or all of the jurors departing from each other, not every withdrawal of a juror from the immediate presence of his

fellows constitutes such a separation as will affect the verdict. The rule that the jury must be kept together does not apply, even in capital cases, to temporary separation of one or more jurors from the others in cases of necessity, where the separating jurors are in charge or in sight of an officer and are not allowed to communicate with other persons.'" See also 23 C.J. S., Criminal Law, § 1356.

The officer referred to must be one sworn to keep the jury under his *watch* care. In all the cases we have examined it has been held permissible to separate the jurors under conditions where the necessity of accommodating the jurors requires a division, etc., but under a separation contemplated by the statute, each part of the jury must be accompanied by a sworn bailiff; Elkins v. State, 29 Okl.Cr. 175, at page 183, 233 P. 491. The record herein at no point discloses that Gus Ford was sworn as a bailiff to watch juror Willis, and the fact he was a deputy sheriff and night jailer clothed him with no special prerogatives in this regard. If the trial court deems separation necessary because of some special circumstance, then it should not only require the separate parts of the jury to be accompanied by a bailiff but the jurors should be separated on a basis of equal accommodations, as nearly as possible. It is not within the contemplation of the law that a juror, because of his condition of color, should be relegated to the occupancy of the juvenile ward of the jail. The law does not permit nor condone discrimination because of race or color. But the separation of juror Willis from the other jurors because of color, alone, cannot avail the defendant herein. However, the separation from the rest of the jury, unattended by a sworn bailiff, and the jurors' exposure to outside influences strikes at the very purity of the jury system, which is in violation of the provisions of T. 22, § 857, O.S.1951, and constituted an invasion of the defendant's fundamental rights. Upon the separation of the juror Willis from the remainder of the jurors under the conditions which prevailed herein, a presumption of prejudice arose. In Weatherholt v.

State, 9 Okl.Cr. 161, 131 P. 185, it was said:

"When the jury have separated without leave of the court after retiring to deliberate on their verdict, and before delivering or sealing the same if it be sealed, in violation of section 6896, Comp.Laws 1909 [Rev.Laws 1910, 5937, 22 O.S.1951 § 952], prejudice will be presumed, and the burden of proof is on the prosecution to affirmatively show that the defendant was not prejudiced thereby."

Wilcox v. State, 69 Okl.Cr. 1, 99 P.2d 531–532; Gallagher v. State, 81 Okl.Cr. 15, 159 P.2d 562; Goins v. State, 9 Okl.Cr. 35, 130 P. 513, 514; quoting from Armstrong v. State, 2 Okl.Cr. 567, 103 P. 658, 24 L.R.A.,N.S., 776, wherein it was said:

" 'It is our opinion that this section imperatively requires that, upon the final submission of the case to the jury, they cannot be permitted to separate, and if, after such submission, the jury separates, such separation vitiates the verdict, notwithstanding no affirmative proof of prejudice is offered. When this provision of the law is violated, the legal presumption is, that it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right.' "

And thereafter this court said:

"It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the misconduct of the bailiff in permitting the separation of the jury in disregard of the requirements of the statute. Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statute designed to preserve the purity of jury trials."

No attempt on the part of the state appears to have been made to overcome the presumption of prejudice.

We are therefore compelled to reverse the within cause with directions to give the defendant a new trial.

JONES, P. J., and POWELL, J., concur.