PEOPLE v McDONALD

1. CRIMINAL LAW—SEPARATION OF JURY—PRESUMPTION OF PREJUDICE.

   A separation of the jury after submission of the cause in a criminal prosecution without an order of the court to separate and under such circumstances that the jurors might have been influenced by outside contacts, creates a presumption of prejudice which requires the prosecution to show that the defendant was not in fact prejudiced (MCLA 768.16).

2. CRIMINAL LAW—SEPARATION OF JURY—CONSENT BY JUDGE.

   An appellate court will remand an appeal assigning as error the jurors being allowed to separate after they began deliber-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 53 Am Jur, Trial § 875.
[2] 53 Am Jur, Trial § 867 *et seq.*

ating and before they announced their verdict in a criminal prosecution, where the record does not show whether the judge authorized the separation or whether the separation was ordered solely on the initiative of the clerk of the trial court (MCLA 768.16).

3. CRIMINAL LAW—SEPARATION OF JURY—PREJUDICE TO DEFENDANT. An important factor in determining whether the criminal defendant was prejudiced when the jury was allowed to separate after they began deliberating and before they announced their verdict is whether the jury had returned with the verdict before being allowed to separate (MCLA 768.16).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 October 11, 1971, at Detroit. (Docket No. 11349.) Decided February 24, 1972.

Charles McDonald was convicted of armed robbery. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Thomas R. Lewis*, Assistant Prosecuting Attorney, for the people.

*Carl Ziemba*, for defendant on appeal.

Before: LEVIN, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

LEVIN, P. J. The defendant, Charles McDonald, appeals his conviction of armed robbery. MCLA 750.529; MSA 28.797.

The sole issue is whether the defendant is entitled to a new trial because the jurors were permitted to separate after they began deliberating and before they announced their verdict.

The statute provides that after the jurors in a criminal case retire to consider their verdict the judge may permit them "to separate temporarily, whenever in his judgment such a separation is deemed proper". MCLA 768.16; MSA 28.1039.

The stenographic transcript shows that the jurors began their deliberations at 10:04 a.m., and the following:

"(At 10:30 a.m., jury rapped on door *with verdict*. The court attending a meeting.) (Emphasis supplied.)

"(At 10:36 a.m., jury in courtroom.)

"*The Clerk:* Members of the jury, Judge Colombo has been called away on an emergency meeting this morning and he can't be back until two o'clock. So you will be excused until two o'clock. You do what you please but don't discuss this case with anyone. Be back here at two o'clock.

"(Court and jury in recess until two o'clock p.m.)"

When the court reconvened the jury announced its verdict finding the defendant guilty.

The record does not show whether the judge had instructed the clerk so to authorize the jurors to separate after reaching a verdict. Thus, we do not know whether the judge acted, exercising his discretion, or whether the separation of the jurors was on the initiative of the clerk.

The general rule is stated in an annotation:[1]

" * * * [A] separation of the jury after submission of the cause in a felony prosecution, in violation of the statute or without the court's consent, under such circumstances as to make it reasonably

---

[1] Similarly, see *People v Rushton*, 111 Cal App 2d 811, 815; 245 P2d 536, 538 (1952); *Landers v State*, 281 P2d 193, 195 (Okla Crim App, 1955); *State v Creech*, 57 Wash 2d 589, 594; 358 P2d 805, 808 (1961); *State v Amundsen*, 37 Wash 2d 356; 223 P2d 1067 (1950).

appear that the jurors might have been influenced by outside contacts, creates a presumption of prejudice or injury, and the burden is cast upon the prosecution to show that the defendant was not in fact prejudiced thereby." Anno: *Separation of Jury in Criminal Case,* 21 ALR2d 1088, 1145.

We find no Michigan authority directly in point, but what Michigan authority we do find seems to be in accord. See *People v Nick,* 360 Mich 219, 235 (1960) (BLACK, J., concurring).[2]  *Cf. People v Lippert,* 304 Mich 685, 693 (1943); *Churchill v Alpena Circuit Judge,* 56 Mich 536, 540 (1885).

We remand for a determination by the trial court whether the separation permitted by the clerk was in fact authorized by the judge.

If the judge authorized the separation of the jurors, the court shall determine whether the defendant was prejudiced by the apparent failure to comply with the statutory requirement that after the jurors are taken in charge of an officer it shall "be the duty of the officer so sworn to keep the jury from separating, or from receiving any communication of any character, until they shall have rendered their verdict, except under a special instruction *in writing* from the trial judge". (Emphasis supplied.) MCLA 768.16; MSA 28.1039.

If it is determined that the separation was not authorized by the judge, the court shall likewise determine whether the defendant was prejudiced by the separation of the jurors.

---

[2] In *Nick* the separation was authorized by the judge and the question was whether the defendant was prejudiced by the mingling of the jurors with persons who commented on the meritorious and then undecided question of guilt or innocence. In a concurring opinion signed by two justices in addition to the writer, who was Mr. Justice BLACK, the following observation was made: "The ordinary presumption of prejudice, arising from an *unauthorized* dispersion or separation of jurors during the period of deliberation did not arise in this case." (Emphasis by Justice BLACK.)

On the question whether the defendant was prejudiced, it will be a matter of considerable importance whether, as stated by the court reporter, the jurors in fact returned "with verdict" before they separated. *Cf. People* v *Rushin,* 37 Mich App 391 (1971).

Remanded for further proceedings consistent with this opinion.

All concurred.